ELLIS, Judge:
This is a suit for $8,949.40 allegedly due by defendant Green Acres Subdivision, Inc. to plaintiff Tángi Ready Mix Concrete Company for concrete curbing delivered and poured at Green Acres Subdivision by plaintiff. From a summary judgment in favor of plaintiff, defendant has appealed.
The petition, which named Robert L. Edwards as defendant, alleges that plaintiff furnished 7,246 feet of concrete curbing at $2.90 per foot, at a total cost of $21,013.40; that $12,064.00 was paid on account, without protest, leaving a balance due of $8,949.40 as an “account stated”; and that a material lien was filed against defendant on February 6, 1974, bearing against defendant’s property in Sections 10 and IS, T. 6 S., R. 8 E., in Tangipahoa Parish. Plaintiff asked judgment in the above amount plus recognition of his lien.
After various exceptions were filed, plaintiff amended its petition to substitute Green Acres Subdivision, Inc. for Mr. Edwards as defendant.
On December 23, 1975, plaintiff filed a motion for summary judgment, alleging that a balance of $8,949.40 due is an “account stated”; that Green Acres Subdivision had been properly dedicated to the public, the streets therein constructed and surfaced, and the work done thereon accepted by the Tangipahoa Parish Police Jury for “perpetual maintenance thereof as presently constructed.” It is further alleged that more than one year had elapsed since that time, that no demand had been made by the Police Jury on the defendant for any repairs of any kind, and that an inspection by the Parish Engineer of the *234 streets had revealed no substantial defects or repairs to be made.
From the foregoing alleged facts plaintiff concludes that its work must have been satisfactorily done, and that there was no genuine issue of fact or law as to whether it should be paid the balance allegedly due.
In support of its allegations, plaintiff filed a copy of the Police Jury resolution dated October 22, 1974, accepting the streets for maintenance; a certificate by the Secretary of the Police Jury that no demands had been made for repairs to the streets as of December 9, 1975, and a copy of the materialman’s lien affidavit.
The matter was heard on January 16, 1976, and taken under advisement. On January 20, 1976, an opposition to the motion for summary judgment was filed, alleging that there were genuine issues as to material facts. In the memorandum attached thereto, defendant alleges that the issue relates to whether or not plaintiff properly constructed the concrete curbing, and not whether it was accepted for maintenance by the Police Jury. No affidavits are attached to the opposition.
On January 28, 1976, a minute entry reflects that judgment was rendered sustaining the motion for summary judgment. On January 30, 1976, judgment for plaintiff was signed. On the same day, defendant filed an answer.
Article 966 of the Code of Civil Procedure provides, in part, as follows:
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.”
We note that, contrary to the provisions of Article 966, plaintiff’s motion was filed and decided before answer was filed by defendant. We believe, however, that any objection to this defect was waived by the filing of an opposition to the motion for summary judgment by defendant, and by its. failure to file the dilatory exception thereto.
 We cannot accept as true any allegations of the petition other than those which are supported by affidavit or other proof. The lien affidavit shows that the materials were furnished and labor performed in pouring the concrete curbing, and that there is a balance due of $8,949.-40. The issue of whether the work done by plaintiff was properly accomplished is not raised by any pleading or affidavit properly before the court. We gather that references thereto by the parties relate to issues raised and pleadings filed in another law suit between them, in the mistaken belief that they form part of the record before us.
Defendant has not filed any pleadings, affidavits or other evidence which would tend to controvert the matters of fact set forth in plaintiff’s lien affidavit. It cannot rely on general denials of these facts contained in brief or in the opposition. Article 967, Code of Civil Procedure.
We therefore find that there is no dispute as to the facts alleged in the petition, and that plaintiff is, as a matter of law, entitled to judgment as prayed for.
The judgment appealed from is therefore affirmed, at defendant’s cost.
AFFIRMED.