506 So.2d 1234 (1987)
AMERICAN BANK & TRUST COMPANY
v.
INTERNATIONAL DEVELOPMENT CORPORATION, INC., et al. (Two Cases)
Nos. CA 85 1242, CA 86 1375.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
Rehearing Denied May 11, 1987.
Richard Curry, Baton Rouge, for plaintiff-appellee American Bank and Trust Co. in No. CA 85 1242.
Robert W. Morgan, Baton Rouge, for defendant/third party plaintiff-appellee T. Waldo Morgan.
A. Morgan Brian, Jr., New Orleans, for defendant-second-appellant Dr. Philip D. Sunseri in CA 85 1242.
Richard Langford, Baton Rouge, for defendant-first-appellant Intern. Development Corp., Emile Weber and Thomas E. Zammitt in No. CA 85 1242.
A.L. Carbonette, Baton Rouge, for defendant-appellee Thomas Wells.
E. Keith Carter, Rubin, Curry, Colvin & Joseph, Baton Rouge, for plaintiff-appellee *1235 American Bank & Trust Co. in No. CA 86 1375.
Richard W. Langford, Baton Rouge, for defendant-first-appellant Emile M. Weber in No. CA 86 1375.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
This is a suit on a demand promissory note dated November 15, 1968, made payable to American Bank and Trust Company in the amount of $220,064.85. The defendants are the maker, International Development Corporation, Inc., and seven co-guarantors, Thomas E. Zammit, Dr. Philip D. Sunseri, Emile M. Weber, Harry S. Banta, Sr., T. Waldo Morgan, Thomas G. Wells, Jr., and Lloyd J. Langlois, Jr.
The note was signed by Zammit on behalf of International Development Corporation, Inc. It was secured by collateral including shares of corporate stock, a certificate of deposit, and a mortgage note secured by a mortgage on a parcel of immovable property. The co-guarantors signed continuing guaranties, binding themselves in solido with International Development to American Bank. Although payments were made by some of the co-guarantors, the note is in default. The principal balance now due is $81,503.77.
International Development, Zammit, Sunseri, Weber, Morgan, and Wells answered the suit. American Bank filed discovery pleadings, but only Weber responded. American Bank then moved for summary judgment against all eight defendants. Prior to March 29, 1985, the date of the hearing on the motion, only Weber filed a counteraffidavit.
The trial court granted the motion from the bench against International Development and Zammit. International Development, Zammit and Sunseri then filed counteraffidavits on April 8, 1985. The trial court rendered summary judgment against Weber and Sunseri on July 7, 1986. Appeals from these judgments have been consolidated for our consideration.
American Bank then filed a motion to dismiss the appeal of Weber, due to Weber's failure to file a brief supporting his appeal of the July 7, 1986, judgment rendered against him. Weber had, however, filed a brief supporting his appeal of the March 29, 1985, judgment against International Development and responded that the filing of an additional brief would accomplish no useful purpose.
The action of the appellate court in dismissing an appeal as abandoned must always be reasonably exercised with due consideration being given to the principle that the law favors appeals. Perkins v. Coker, 404 So.2d 902 (La.1981). We therefore deny plaintiff's motion to dismiss the appeal of Weber and consider it on the merits.

SUMMARY JUDGMENTS AGAINST INTERNATIONAL DEVELOPMENT AND ZAMMIT
La.C.C.P. art. 966(B) provides, in pertinent part, that "[t]he adverse party may serve opposing affidavits prior to the date of the hearing." (emphasis added). La.C. C.P. art. 967 also states:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment if appropriate, shall be rendered against him.
The mover has the burden of establishing the absence of material fact issues, and any doubt as to the existence of such fact issues is to be resolved against granting the motion. Summary judgment should be granted only where reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law. Wilson v. H.J. Wilson Co., Inc., 492 So.2d 54 (La.App. 1st Cir.1986), writ denied, 496 So.2d 355 (La.1986).
The time limitation established by article 966 is mandatory so that affidavits *1236 not timely filed are inadmissible and properly excluded. Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir.1977).
Since Zammit submitted no counteraffidavit on behalf of International Development or himself before the hearing, we find there is no genuine issue of material fact as to International Development's liability as maker of the note. It was not disputed that American Bank is the holder of the note; it therefore is entitled to sue and recover on the note. Neither International Development nor Zammit raised affirmative defenses or timely filed a counteraffidavit to refute American Bank's suit.

SUMMARY JUDGMENT AGAINST WEBER AND SUNSERI
Defendants Weber and Sunseri contend there are genuine issues of material fact that should preclude summary judgment as to their liability as co-guarantors.
Weber did not file an answer to plaintiff's petition until February 26, 1985, after his objection of prescription was denied. Plaintiff moved for summary judgment on February 22, 1985. La.C.C.P. art. 966(A) clearly states that the plaintiff may move for summary judgment at any time after the answer has been filed. However, any objection to this defect was waived by Weber's filing an affidavit in opposition to the motion for summary judgment. Tangi Ready Mix Concrete Company v. Edwards, 336 So.2d 232 (La.App. 1st Cir. 1976).
Weber and Sunseri contend that Zammit had no valid corporate authorization to sign the note on behalf of International Development. International Development had executed a corporate resolution in 1966 authorizing Zammit to refinance or sell a certain parcel of land. Weber and Sunseri claim this resolution was limited in scope and did not authorize Zammit to sign the instant note.
Both defendants further raised the affirmative defenses of novation, cancellation and/or release of their obligations. Sunseri stated in an affidavit that American Bank's executive vice-president had told the co-guarantors that the collateral pledged to secure the note was adequate to cover the indebtedness, and that the continuing guaranties would not be enforced.
La.C.C. art. 1848 provides that parol evidence is inadmissible "to negate or vary the contents" of a written act but "may be admitted to prove ... that [a] written act was modified by a subsequent and valid oral agreement." There are therefore genuine issues of fact relative to the subsequent conversations with the bank and their consequent effect on the note and continuing guaranties. There are also genuine issues of fact relative to Zammit's authorization to sign the note. These facts need be fully set forth in a trial on the merits.
We therefore affirm the judgments of the trial court in favor of plaintiff, American Bank and Trust Company, and against defendants, International Development Corporation, Inc. and Thomas E. Zammit. We reverse the judgment of the trial court in favor of plaintiff and against defendants, Emile M. Weber and Dr. Philip D. Sunseri, and remand for a full trial on the merits. Costs of this appeal are to be paid by International Development Corporation, Inc. and Thomas E. Zammit. All other costs are to await final disposition of the case.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.