STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-214


HARLEY-DAVIDSON CREDIT CORP.

VERSUS

MORRIS DAVIS


**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 46953
HONORABLE LEO BOOTHE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of James T. Genovese, Shannon J. Gremillion, and John E. Conery, Judges.


AFFIRMED.


Herschel C. Adcock, Jr.
Joseph Paul Rummage, Jr.
Maro Petkovich, Jr.
Law Office of Herschel C. Adcock, Jr.
P. O. Box 87379
Baton Rouge, LA 70879-8379
(225) 756-0373
COUNSEL FOR PLAINTIFF/APPELLEE:
    Harley-Davidson Credit Corp.

**Paul A. Lemke, III**
**Owens & Lemke, Inc.**
**P. O. Box 595**
**Harrisonburg, LA 71340**
**(318) 744-5431**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
 **Fred Taylor**
 **Jeremy Taylor**
 **Fred's Automotive Repair & Wrecker Service, LLC**

**GREMILLION, Judge.**

The defendants-appellants, Fred Taylor, Jeremy Taylor, and Fred's Automotive Repair and Wrecker Service, LLC (Fred's Automotive), appeal the judgment of the trial court finding Fred's Automotive in contempt and ordering it to produce a Harley-Davidson motorcycle that was located at Fred's Automotive. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2010, Morris Davis mortgaged a Harley-Davidson motorcycle in favor of Eaglemark Savings Bank to secure the payment of a promissory note for $19,165.10. The State of Alabama issued a title recognizing Davis as the owner and Eaglemark as the first lienholder. Eaglemark thereafter assigned the note to the plaintiff, Harley-Davidson Credit Corporation (Harley-Davidson).

In January 2012, Harley-Davidson filed a petition for executory process against Davis due to Davis's default on the note. The trial court issued a writ of seizure and sale. In June 2012, Harley-Davidson filed a motion to amend the order attached to the petition to correct a clerical error regarding the VIN number of the motorcycle. Testimony at the October 2012 hearing indicated that the Concordia Parish Sherriff's office had seized the motorcycle from Fred's Automotive but returned it due to the clerical error. In the interim, between the return of the motorcycle to Fred's Automotive and the issuance of the corrected order to produce collateral, Fred's Automotive sold the motorcycle to a third party pursuant to La.R.S. 32:1719. Fred's Automotive had received a permit to sell from the Department of Public Safety and Corrections in April 2012.

In September 2012, Harley-Davidson filed a rule to produce collateral and/or turn over excess sale proceeds, naming Fred's Automotive as defendant. Harley-

Davidson claimed it was never given notice pursuant to La.R.S. 32:1720, rendering the sale to the third-party an absolute nullity.

Fred's Automotive failed to appear at the October 2012 hearing on the matter. The trial court issued a judgment finding Fred's Automotive in contempt of court for failing to appear and ordered them to immediately deliver the motorcycle to the Concordia Parish Sheriff's Office. Fred's Automotive filed a motion for new trial in November 2012. Fred's Automotive also filed a motion for the trial court to assign written reasons for judgment on November 13, 2012. The trial court signed the order requiring that written reasons be filed into the record within thirty days of its November 7, 2012 judgment on November 15, 2012.

A hearing was held on November 26, 2012, on the motion for new trial. In a December 27, 2012 judgment providing written reasons, the trial court denied Fred's Automotive's request for a new trial and again ordered it to produce the motorcycle.

In March 2013, this court issued an order to the trial court to supplement the record with written reasons for judgment.

Fred's Automotive now appeals.

## ISSUES

First, Fred's Automotive argues that we should remand the matter for a new trial as the record on appeal is incomplete due to the failure of the trial court to issue written reasons for judgment pursuant to La.Code Civ.P. art. 1917. Fred's Automotive further assigns as error:[1]

1. The trial court erred in finding the defendant and unnamed defendant Fred Taylor in contempt of court.

---

[1]We note that Fred's Automotive's assignments of error do not correspond to its briefed arguments. Moreover, its briefed arguments raise several other issues not assigned as error.

2. The trial court erred in finding that the plaintiff was entitled to judgment ordering the defendant to surrender his property.

## WRITTEN REASONS FOR JUDGMENT

Louisiana Code of Civil Procedure Article 1917(A) states:

> In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment, provided the request is made not later than ten days after the mailing of the notice of the signing of the judgment.

Although the trial court signed an order indicating that it would provide written reasons, it never did so. The remedy for a trial court's failure to produce written reasons is by writ or a motion for remand. *See Wooley v. Lucksinger*, 09-0571, 09-584, 09-585, 09-586 (La. 4/1/11), 61 So.3d 507. In fact, we signed an order on March 28, 2013, ordering the trial court to supplement the record with its written reasons. However, the trial court judge was unable to comply with this order due to his suspension from office beginning March 15, 2013. *See In re Boothe*, 12-1821 (La. 1/29/13), 110 So.3d 1002.

Clearly, remand at this juncture to provide written reasons is an impossibility; remand for a new trial is an inappropriate remedy. The supreme court has noted:

> "[T]hat the district court's oral or written reasons for judgment form no part of the judgment, and that appellate court's review judgments, not reasons for judgment." *Bellard v. American Cent. Ins. Co.*, 2007-1335 p. 25 (La. 4/18/08), 980 So.2d 654, 671; *Greater New Orleans Expressway Commission v. Olivier*, 2002-2795 p. 3 (La. 11/18/03), 860 So.2d 22, 24 ("Appeals are taken from the judgment, not the written reasons for judgment."); La. C.C.P. arts. 1918, 2082 and 2083. Judgments are often upheld on appeal for reasons different than those assigned by the district judges. "The written reasons for judgment are merely an explication of the trial court's determinations. They do not alter, amend, or affect the final judgment being appealed . . . ." *State in the Interest of Mason*, 356 So.2d 530, 532 (La.App. 1 Cir. 1977).

3

*Wooley,* 61 So.3d at 572.

Moreover, the judgment itself and the written reasons provided in the denial of the motion for new trial provide a sufficient basis for this court to review the matter on appeal. Additionally, considering the fact that Fred's Automotive failed to appear for the hearing, there is little in the way of factual findings that could have been noted in written reasons for judgment. This is an uncomplicated matter mainly involving questions of law rather than factual findings. We are unable to remand the matter, and we find it is unnecessary to do so.

## NEW TRIAL

Although Fred's Automotive does not expressly state so, it is essentially appealing the trial court's denial of its motion for new trial. A new trial will be granted "[w]hen the verdict or judgment appears clearly contrary to the law and evidence." La.Code Civ.P. art. 1972. When reviewing the grant or denial of a motion for new trial, an appellate court cannot reverse the trial court's decision unless an abuse of discretion can be demonstrated. *Harbor v. Christus St. Frances Cabrini Hosp.,* 06-593 (La.App. 3 Cir. 11/2/06), 943 So.2d 545. Based on our discussion below, we find the trial court did not abuse its discretion in refusing to grant Fred's Automotive a new trial.

## VALIDITY OF THE LIEN

In this assignment of error, Fred's Automotive argues that Harley-Davidson's security interest was not properly perfected in Louisiana pursuant to La.R.S. 32:702.2. Whether this argument has any merit is irrelevant. Fred's Automotive cannot now challenge, for the first time on appeal, the validity of the security instrument. Uniform Rules—Courts of Appeal, Rule 1–3.

4

# USE OF SUMMARY PROCEEDINGS

In this assignment of error, Fred's Automotive argues that the trial court improperly used a summary proceeding to deprive them of their rights. Fred's Automotive argues that a summary proceeding is inappropriate because the action Harley-Davidson filed against Fred's Automotive was either for a declaratory judgment or mandatory injunctive relief. We disagree. Furthermore, objections to use of a summary proceeding are made by dilatory exception and are waived if not pleaded. La.Code Civ.P. art. 926; *Howard v. La. Citizens Prop. Ins. Corp.*, 10-1302 (La.App. 4 Cir. 4/27/11), 65 So.3d 697.

Pursuant to La.Code Civ.P. art. 2592(1), summary proceedings are appropriate only in the listed matters including:

> An incidental question arising in the course of judicial proceedings, including the award of and the determination of reasonableness of attorney fees.

Harley-Davidson's initial suit was filed against Davis and is subject to the law pertaining to executory proceedings found in La.Code Civ.P. arts 2631-2644. Its rule to show cause filed against Fred's Automotive is an incidental matter pertaining to the executory proceedings for the location and production of the collateral.

Fred's Automotive's remedy was to intervene in the pending executory process action pursuant to La.Code Civ.P. art. 1091: "A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more parties." Louisiana Code of Civil Procedure Article 2643 addresses the rights of a third person claiming an interest in seized property:

5

A third person claiming a mortgage, security interest, or privilege on the property seized in an executory proceeding may assert his right to share in the distribution of the proceeds of the sale of the property by intervention, as provided in Article 1092. The intervention shall be served as provided in Article 1093 and shall be tried summarily.

Louisiana Code of Civil Procedure Article 1092 provides:

A third person claiming ownership of, or a mortgage or privilege on, property seized may assert his claim by intervention. If the third person asserts ownership of the seized property, the intervention may be filed at any time prior to the judicial sale of the seized property, and the court may grant him injunctive relief to prevent such sale before an adjudication of his claim of ownership.

If the third person claims a mortgage or privilege on the entire property seized, whether superior or inferior to that of the seizing creditor, the intervention may be filed at any time prior to the distribution by the sheriff of the proceeds of the sale of the seized property, and the court shall order the sheriff to hold such proceeds subject to its further orders. When the intervener claims such a mortgage or privilege only on part of the property seized, and the intervention is filed prior to the judicial sale, the court may order the separate sale of the property on which the intervener claims a mortgage or privilege; or if a separate sale thereof is not feasible or necessary, or the intervener has no right thereto, the court may order the separate appraisement of the entire property seized and of the part thereof on which the intervener claims a mortgage or privilege.

An intervener claiming the proceeds of a judicial sale does not thereby admit judicially the validity, nor is he estopped from asserting the invalidity, of the claim of the seizing creditor.

Fred's Automotive was fully aware of the executory proceedings. The Concordia Parish Sheriff's Office had already seized the motorcycle and returned it due to a clerical error. Fred's Automotive should have intervened in the executory proceedings to assert its privilege for towing and storage. Finally, Harley-Davidson's uncontested security interest in the motorcycle outranks any claim that Fred's Automotive may have. *See* La.R.S. 32:1730, La.R.S. 9:4501 (a perfected security interest superior to repairmen's lien).

6

**CONTEMPT**

In this assignment of error, Fred's Automotive argues that Fred Taylor could not be held in contempt because he was not named individually nor served with any pleadings individually, and because Harley-Davidson's rule did not seek a contempt finding against Fred's Automotive or Fred. Fred argues that he was never served with any rule for contempt.[2]

The November 2012 judgment found:

> IT IS ORDERED, ADJUDGED, AND DECREED that defendant-in-rule, Fred's Automotive Repair & Wrecker Service, LLC, through its authorized representative Jeremy Taylor or member, Fred Taylor, is in contempt of court for failure to appear as ordered on October 22, 2012[.]

Fred's Automotive concedes that it was properly served through its agent for service of process, Jeremy Taylor. Pursuant to La.Code Civ.P. art. 225(A), a rule to show cause for contempt may issue on the court's own motion. Further, a corporation may be found in contempt for the actions of its members or representatives. *Pettus v. Atchafalaya Wildlife Protective Soc.*, 351 So.2d 790 (La.App. 1 Cir. 1977); La.Code Civ.P. art. 224. The trial court has vast discretion in determining whether a party should be held in contempt for disobeying a court order, and its decision will be reversed only when the appellate court discerns an abuse of that discretion. *McDonald v. McDonald*, 08-1165 (La.App. 3 Cir. 3/4/09), 10 So.3d 780. Fred's Automotive failed to appear and failed to produce the collateral. Fred himself was never found in contempt of court. We find no abuse of the trial court's discretion in finding Fred's Automotive in contempt of court.

---

[2]He further argues under this subheading that he was never served with the rule to produce collateral and/or turn over excess sale proceeds.

## DISPOSITION

The trial court properly denied Fred's Automotive Repair & Wrecker Service, LLC's motion for new trial. The judgment of the trial court in favor of Harley-Davidson Credit Corporation is affirmed. All costs of this appeal are assessed against Fred's Automotive Repair & Wrecker Service, LLC.

**AFFIRMED**.