STEPHEN J. WINDHORST, Judge.
| ^Appellant, Roslind Chaisson, appeals the trial court’s judgment granting a motion for summary judgment filed by Betty Bergeron and provisional administrator of *1018 the Succession of Lillian C. Benoit, James Bergeron. For the reasons that follow, we affirm.
Procedural Background and History
On January 14, 2011, Ms. Bergeron and Tenna Benoit, two of the three surviving children of Ms. Benoit, filed a petition for interdiction seeking the interdiction of Ms. Benoit in case number 696-963, Interdiction of Lillian C. Benoit, 24th Judicial District Court, Division “0.” On October 9, 2012, the trial court granted a judgment of full interdiction against Ms. Benoit.
On January 31, 2012, Ms. Benoit purportedly executed a Last Will and Testament. The testament expressly disinherited two of her children, Mr. Benoit and Ms. Bergeron, and bequeathed all property to her third child, Ms. Chaisson. On November 2, 2012, Ms. Benoit passed away.
|oOn January 31, 2013, provisional administrator, Mr. Bergeron, filed a petition for declaratory judgment in this case seeking invalidation of the purported testament on several grounds, including those based on full interdiction. Ms. Chaisson did not file an answer to this petition.
On the same day in this case, Ms. Chais-son filed a petition to probate the purported Last Will and Testament of Ms. Benoit and an ex parte order of probate was signed by the trial court.
On June 16, 2013, Ms. Bergeron and provisional administrator, Mr. Bergeron, filed a petition to annul the probated testament of January 31, 2012. Ms. Chaisson did not file an answer to this petition.
On November 14, 2013, Ms. Bergeron and Mr. Bergeron filed a motion for summary judgment in the nullity proceeding seeking to invalidate the purported testament that was admitted for probate on January 31, 2013, and to restore Mr. Ber-geron as the provisional administrator. In support of their motion for summary judgment, movers attached the petition for interdiction, judgment of interdiction, Last Will and Testament, affidavit of death and heirship, petition for declaratory judgment, petition to probate will, and petition to annul probated testament. In opposition to the motion for summary judgment, Ms. Chaisson filed a memorandum and attached three affidavits.
On December 3, 2013, the trial court granted the motion for summary judgment in favor of Ms. Bergeron and Mr. Berger-on and declared the purported testament a nullity. The trial court found that Ms. Benoit lacked capacity pursuant to La. C.C. art. 1482 B. The trial court also restored Mr. Bergeron as provisional administrator. This appeal followed.
RDiscussion
In her sole assignment of error, Ms. Chaisson contends that the trial comet erred in granting the motion for summary judgment.
Appellate courts review summary judgments de novo using the identical criteria that govern the trial court’s consideration of whether summary judgment is appropriate. In re Succession of Holbrook, 13-1181 (La.1/28/14), 144 So.3d 845, 847. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Muller v. Carrier Corp., 07-770 (La.App. 5 Cir. 4/15/08), 984 So.2d 883, 885.
First, Ms. Chaisson claims that the trial court committed reversible error by not requiring the motion for summary judgment to be filed after an answer was filed by Ms. Chaisson.[1]
*1019 La. C.C.P. art. 966 provides that the “plaintiffs motion for summary judgment may be made at any time after the answer has been filed.” Ms. Bergeron, and provisional administrator, Mr. Bergeron, filed their petition to annul probated testament on June 16, 2013. Ms. Chaisson did not file an answer to this petition. The motion for summary judgment was filed on November 14, 2013 and argued on December 3, 2013.
Ms. Chaisson attached three affidavits to her memorandum in opposition to the motion for summary judgment filed on December 2, 2013. Thus, Ms. Chaisson waived her prematurity objection when she filed these affidavits. Hibernia Nat. Bank v. Rivera, 07-962 (La.App. 5 Cir. 9/30/08), 996 So.2d 534, 537 (citing American Bank Trust Company v. International Development Corporation, Inc., 506 So.2d 1234, 1236 (La.App. 1 Cir.1987)). Accordingly, this argument is without merit.
Second, Ms. Chaisson contends that the trial court committed reversible error in not finding that there was a genuine issue of material fact concerning the Last Will and Testament of Ms. Benoit dated January 31, 2012.
La. C.C. art. 1471 provides that the capacity to donate mortis causa must exist at the time the testator executes the testament. There is a presumption in favor of testamentary capacity. See Succession of Lyons, 452 So.2d 1161, 1164 (La.1984). La. C.C. art. 1482A provides that a person who challenges the capacity of a donor must prove by clear and convincing evidence that the donor lacked capacity at the time the donor made the donation inter vivos or executed the testament. However, La. C.C. art. 1482B contains an exception to this rule and provides that “A full interdict lacks capacity to make or revoke a donation inter vivos or a donation mortis causa.”
On October 9, 2012, a judgment of full interdiction was signed. La. C.C. art. 396 provides that “A judgment of interdiction has effect retroactive to the date of the filing of the petition for interdiction.” The petition for interdiction was filed on January 14, 2011. By operation of law, the judgment of interdiction has retroactive effect back to January 14, 2011. The purported Last Will and Testament was executed on January 31, 2012, after the retroactive effect of the judgment of interdiction.
Based on our de novo review of the record, we find that there are no genuine issues of material fact that Ms. Benoit lacked testamentary capacity at the time she executed the purported testament, and that Ms. Bergeron and provisional | (¡administrator, Mr. Bergeron are entitled to judgment, all as a matter of law. Accordingly, we find that the trial court did not err in granting the motion for summary judgment.
Conclusion
For the foregoing reasons, we find that the trial court did not err in granting the *1020-1022 summary judgment in favor of Ms. Ber-geron and provisional administrator, Mr. Bergeron and against Ms. Chaisson and the judgment is hereby affirmed. All costs are assessed against Ms. Chaisson.
AFFIRMED

. Ms. Chaisson contends that she was not given sufficient notice to defend against the motion for summary judgment. Ms. Chaisson argues that the motion for summary was filed on November 14, 2013 and she was served on November 19, 2013 for a hearing that was set *1019 for December 3, 2013. Ms. Chaisson contends that she only had seven working days notice in the middle of the Thanksgiving holidays to prepare a defense. U.R.C.A. Rule 9.8 provides that no hearing on an exception or motion will be scheduled until at least fifteen calendar days after filing. When a party files an exception or motion the memorandum shall be served on all other parties so that it is received by the other parties at least fifteen calendar days before the hearing, unless the court sets a shorter time. Here, the trial court set the hearing on December 3, 2013 which exceeds the fifteen days after filing because holidays and weekends are included in the computation of time. La. C.C.P. art. 5059. Additionally, we find that Ms. Chais-sdn was not prejudiced because she was able to file her memorandum in opposition and secure three affidavits in opposition to the motion for summary judgment. This procedural argument is without merit.