NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-252

EDWIN K. HUNTER, APC, ET AL.

VERSUS

THOMAS GLYNN BLAZIER

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-5962
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

AFFIRMED.

Kenneth Michael Wright, LLC
Kenneth Michael Wright
203 West Clarence Street
Lake Charles, LA 70601
(337) 439-6930
COUNSEL FOR DEFENDANT-APPELLANT:
    Thomas Glynn Blazier

Michael Reese Davis
Tim P. Hartdegen
Hymel Davis & Petersen, L.L.C.
10602 Coursey Blvd.
Baton Rouge, LA 70816
(225) 298-8118
COUNSEL FOR INTERVENOR-APPELLEE:
    Elaine T. Marshall

Phillip W. DeVilbiss
Kevin P. Fontenot
Scofield, Gerard, Pohorelsky, Gallaugher & Landry
Post Office Drawer 3028
Lake Charles, La 70602-3028
(337) 433-9436
COUNSEL FOR PLAINTIFFS-APPELLEES:
    Edwin K. Hunter, APC
    Edwin K. Hunter
    Edwin Ford Hunter, III

**PICKETT, Judge.**

Former associate of law firm appeals the trial court's grant of partial summary judgment ordering him to turn over documents and electronic communications relating to the business matters of the firm and its clients. He also appeals the trial court's judgment holding him in contempt and imposing sanctions on him for his failure to respond to discovery as ordered. For the reasons discussed below, the judgments of the trial court are affirmed.

## DISCUSSION

Thomas Glynn Blazier was fired in March 2010 as an associate with the law firm Hunter & Blazier APLC.[1] Thereafter, the law firm was renamed Edwin K. Hunter (A Professional Corporation). In November 2010, the corporation, Edwin K. Hunter, and Edwin Ford Hunter (collectively "the Firm") filed suit against Mr. Blazier seeking, among other things, damages suffered by the Firm as a result of alleged misrepresentations made by Mr. Blazier during his practice with the Firm.

During the course of the litigation, the Firm became aware that Mr. Blazier had retained in his possession documents, or copies thereof, including client files, records, and electronic communications (collectively "documents") relating to the Firm, its business, and some of its clients to whom he had provided legal services and advice. Elaine T. Marshall, one of the Firm's clients, learned of Mr. Blazier's retention of client information, and she intervened in this proceeding. Mrs. Marshall intervened individually and as executrix of the Estate of E. Pierce

---

[1] Mr. Blazier certified in numerous documents that he was an at-will employee of the Firm.

Marshall to have Mr. Blazier "turn over" all documents or copies of such documents of which she or the Estate is the rightful owner.

The Firm, Mrs. Marshall, and the Estate filed a Joint Motion for Partial Summary Judgment, seeking return of all documents pertaining to the Firm, Mrs. Marshall, and the Estate. On June 15, 2015, the trial court signed a judgment granting partial summary judgment, ordering Mr. Blazier to return all the documents at issue to the Firm, Mrs. Marshall, and the Estate without retaining a copy of the documents. At the request of Mr. Blazier's attorney, the trial court designated the judgment as a final appealable judgment. Mr. Blazier filed a motion for new trial on the joint motion for partial summary judgment which the trial court denied. Mr. Blazier appealed the denial of his motion for new trial.

Mr. Blazier also appeals a judgment that holds him in contempt for failing to fully respond to discovery propounded by the Firm. When it filed suit, the Firm attached discovery to its petition, including requests for production. Mr. Blazier did not respond to the discovery, and on March 29, 2011, the Firm filed a Motion to Compel Past Due Discovery. After a hearing, the trial court entered judgment against Mr. Blazier "ordering him to respond to discovery and pay $1,000.00 as attorney's fees." The judgment further ordered Mr. Blazier "to specifically designate documents as being responsive to specific requests for production" no later than September 7, 2011.

Mr. Blazier failed to comply with the order, and on August 1, 2014, the Firm filed a motion to have him held in contempt and sanctions imposed on him for not complying with the trial court's order. A hearing on that motion was held September 25, 2015. At the conclusion of the hearing, the trial court held Mr. Blazier in contempt for not complying with its order and again ordered him to

pay $1,000.00 in attorney fees and to make the required designation of discovery responses. The trial court also fined Mr. Blazier $500.00 as a contempt sanction "for his refusal to obey these orders." Mr. Blazier appealed.

## ASSIGNMENTS OF ERROR

Mr. Blazier assigns the following errors with the trial court's judgments against him:

1. The Trial Court erred in granting the Motion for Summary Judgment in favor of the Plaintiffs, Appellees, Edwin K. Hunter, APLC [sic], Edwin K. Hunter[,] and Edwin Ford Hunter.

2. The Trial Court erred in requiring Appellant, Thomas Glynn Blazier, to turn over electronic communications without being allowed to keep a copy of communications about business matters of Hunter & Blazier and about communications relating to clients of the law firm of Hunter & Blazier to which Appellant had engaged in . . . providing legal advice and services.

3. The Trial Court erred in find [sic] Appellant in contempt and in sanctioning Appellant.

## DISCUSSION

Before proceeding with Mr. Blazier's assignments of error, we must address claims asserted by the Firm and Mrs. Marshall that this court should not consider Mr. Blazier's arguments regarding the summary judgment granted against him. We begin with the Firm's argument that Mr. Blazier's appeal must be dismissed because he appealed the trial court's denial of his motion for new trial on the motion for partial summary judgment, not the judgment granting summary judgment. *See McClure v. City of Pineville*, 05-1460 (La.App. 3 Cir. 12/6/06), 870 So.2d 968.

*Dietz v. Superior Oil Co.,* 13-657, pp. 3-4 (La.App. 3 Cir. 12/11/13), 129 So.3d 836, 839-40, addressed this issue, stating:

> A trial court's decision to deny a motion for new trial is an interlocutory judgment subject to appeal for abuse of discretion only upon a showing of irreparable harm. *Dural v. City of Morgan City,* 449 So.2d 1047 (La.App. 1 Cir. 1984). However, "where a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits[.]" *Id.* at 1048 (citing *Smith v. Hartford Accident and Indemnity Company,* 254 La. 341, 223 So.2d 826 (1969); *Fruehauf Trailer Company v. Baillio,* 252 La. 181, 210 So.2d 312 (1968); *Kirkeby-Natus Corporation v. Campbell,* 250 La. 868, 199 So.2d 904 (1967)).

In his motion to appeal, Mr. Blazier stated he was appealing the judgment denying his motion for new trial of the joint motion for partial summary judgment. Nevertheless, in his appellate brief, he argues only that the trial court erred in granting the motion for partial summary judgment; he does not discuss the denial of his motion for new trial. The facts of this case mirror the facts in *Dietz.* Accordingly, we will consider Mr. Blazier's appeal of the partial summary judgment as being properly before us and proceed to address his assignments of error pertaining to that judgment. *See also, Guillory v. Broussard*, 15-953 (La.App. 3 Cir. 5/4/16), 190 So.3d 486.

Mrs. Marshall asserts that the trial court's judgment on the Joint Motion for Partial Summary Judgment is not appealable because the trial court did not make "an express determination that there is no just reason for delay" as required by La.Code Civ.P. art. 1915(B)(1). The trial court did not explain its reasoning for concluding that there was no just reason for delay; however, we have performed an independent review of the factors outlined in *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113, and find the appeal is properly before us.

4

*Motion for Partial Summary Judgment*

In two of his assignments of error, Mr. Blazier argues the trial court erred in considering the motion for partial summary judgment. In his first assignment of error, he argues the trial court should not have considered the motion for partial summary judgment because he had not filed an answer to the Firm's petition when the motion was filed and ruled upon. Louisiana Code of Civil Procedure Article 966(A)(1) provides that the defendant may file a motion for summary judgment at any time, but the plaintiff cannot file a motion for summary judgment until the defendant has filed an answer. The Firm and Mrs. Marshall argue that their motion for partial summary judgment was not filed prematurely and that Mr. Blazier waived this defense because he participated in this litigation for over four years before raising this dilatory exception; he did not urge the exception until the hearing on the motion; and he filed an affidavit in opposition to the motion for partial summary judgment. We agree.

The Firm filed suit against Mr. Blazier in November 2010, and Mr. Blazier was served with the petition in February 2011. Mr. Blazier filed pleadings, including exceptions, in March 2011, a motion to compel discovery in August 2011, and a writ application with the supreme court, seeking to have the denial of his motion to consolidate this litigation with another lawsuit reversed. Additionally, as noted by the appellees, Mr. Blazier did not file an exception of prematurity with regard to the joint motion for summary judgment; he simply raised the issue at the hearing on the merits of the motion.

In *Tangi Ready Mix Concrete Co. v. Edwards*, 336 So.2d 232 (La.App. 1 Cir. 1976), the court noted that the plaintiff's motion for summary judgment was filed and decided before the defendant filed an answer. The court concluded,

"however, that any objection to this defect was waived by the filing of an opposition to the motion for summary judgment by defendant, and by its failure to file the dilatory exception thereto." *Id.* at 234. *See also, Succession of Benoit*, 14-546 (La.App. 5 Cir. 11/25/15), 165 So.3d 1017 (the appellant who had filed three affidavits in opposition to the motion for summary judgment before the court was held to have waived the objection of prematurity). For these reasons, we find no error with the trial court's proceeding with the hearing and ruling on the plaintiffs' motion for partial summary judgment.

In his second assignment of error, Mr. Blazier argues the trial court erred in denying his Exception of Lis Pendens. He did not, however, appeal the judgment denying that exception. Therefore, that issue is not before the court and will not be addressed.

We now address the merits of the motion for partial summary judgment. Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. *Succession of Holbrook*, 13-1181 (La. 1/28/14), 144 So.3d 845. The law favors the summary judgment procedure, and it should be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2). "[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

In their joint motion for partial summary judgment, the Firm, Mrs. Marshall, and the Estate assert that Mr. Blazier had been employed by the Firm as a tax attorney, that his employment with the Firm was terminated in March 2010, and

6

that after his employment was terminated, he maintained in his possession documents of the Firm and its clients, including Mrs. Marshal and the Estate. They asked that Mr. Blazier and his attorney "be ordered to return all original documents, records, and files which are the property of [the Firm], Mrs. Marshall, and the Estate, and he should be prohibited from retaining a copy of those files." The trial court granted partial summary judgment as requested and ordered Mr. Blazier "to return all original documents, records and files which are the property of [the Firm,[2] Mrs. Marshall, and the Estate], without the right to keep a copy as provided in Rule of Professional Conduct 1.16."

Mr. Blazier argues the trial court erred in granting the judgment and prohibiting him from keeping a copy of the documents. He contends that the Louisiana Rules of Professional Conduct, Rule 1.16(d) authorizes him to retain the documents because he formerly represented the parties whose documents are at issue.

Rule 1.16(d) provides, in pertinent part, "Upon termination of representation . . . the lawyer shall promptly release to the client or the client's new lawyer the entire file relating to the matter. The lawyer may retain a copy of the file . . . ."

Mr. Blazier argues the Rules of Professional Conduct apply to attorneys, not law firms; therefore, as an attorney, he, not the Firm, is entitled to maintain a copy of the documents in his possession. The Firm, Mrs. Marshall, and the Estate cite *In re:  Robert J. Shortess Jr.*, 06-1580 (La. 1/17/07), 950 So.2d 570, for the proposition that an attorney who leaves a firm is not entitled to take the files of

---

[2] The Joint Motion for Partial Summary Judgment was rendered in favor of the Firm, Mrs. Marshall, the Estate, and Hunter, Hunter & Sonnier, LLC, which the record indicates is a successor of Edwin K. Hunter, APC; however, no pleading filed in the record before the Joint Motion for Partial Summary Judgment is filed on behalf of Hunter, Hunter & Sonnier, LLC. This discrepancy has no bearing on our decision herein.

clients retained and represented by the firm. The trial court rejected Mr. Blazier's argument and held the converse: the Firm, not Mr. Blazier, was entitled to maintain a copy of the file.

Important to our review are the following undisputed facts:

1. Mr. Blazier admitted in pleadings that he was not retained by Mrs. Marshall or the Estate to represent them, only the Firm was retained;

2. The Firm did not know that Mr. Blazier took the documents with him when he left the Firm; and

3. No evidence shows that Mr. Blazier provided any services to the Firm, Mrs. Marshall and the Estate, since his employment was terminated.

The Rules of Professional Conduct define "firm" or "law firm" as: "a lawyer or lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law; or lawyers employed in a legal services organization or the legal department of a corporation or other organization." La.Rules Prof.Conduct, Rule 1.0(c). The inclusion of this definition in the Rules of Professional Conduct contemplates that the Rules apply to law firms, as well as attorneys. The jurisprudence interpreting the Rules evidences this fact. *See Chittenden v. State Farm Mut. Auto. Ins. Co.*, 00-414 (La. 5/15/01), 788 So.2d 1140 (neither the defendant attorney nor the law firm that employed him violated the Rules of Professional Conduct by requiring the plaintiff client to pay interest on loans by a third party for the client's living expenses in accordance with the retainer agreement signed by the client); and *Corbello v. Iowa Prod. Co.*, 00-1403, (La.App. 3 Cir. 6/6/01), 787 So.2d 596, *writ denied*, 01-2334 (La. 11/16/01), 802 So.2d 615 (alleged conflict of interest can be remedied with

8

disqualification of the attorney or firm with the conflict); *Farrington v. The Law Firm of Sessions, Fishman*, 95-841 (La.App. 4 Cir. 5/8/96), 674 So.2d 448, *rev'd on other grounds*, 96-1486 (La. 2/25/97), 687 So.2d 997 (when determining whether a conflict exists with an attorney or his firm, courts often look to the Rules of Professional Conduct).

The trial court rejected Mr. Blazier's argument, stating:

> It is understood that the purpose behind an attorney keeping a copy of a file is so that the attorney is armed with the file materials in case there is a later dispute. In the context of this case, however, where both the client and the firm state that Blazier's work was always as an employee of the firm and the client is demanding a return of all file materials because of the sensitivity, all such records must be returned to [the] firm. The firm can keep a copy to satisfy Rule 1.16(d). The fact that Blazier has admitted that he was not retained specifically by Elaine Marshall[,] and Elaine Marshall relies on the firm for her representation, past and future, alleviates any need for Blazier to retain a copy of the documents.

We agree with the trial court's reasoning.

Mr. Blazier argues that *Shortess* does not stand for the proposition that the firm retained to represent the clients, not the individual attorneys working for the firm, have the right to retain the clients' files. Contrary to Mr. Blazier's argument, the supreme court affirmed the disciplinary committee's factual findings which included the finding that the attorney violated the Rules of Professional Conduct, in part, because when he left the firm, he took files of clients who had retained the firm to represent them without the firm's permission.

For these reasons, we conclude the Rules of Professional Conduct apply to attorneys and law firms. Furthermore, because Mr. Blazier was not retained by Mrs. Marshall and the Estate, and the Firm's representation of these clients was not terminated, he has not shown a right or a need for him to maintain a copy of the Firm's, Mrs. Marshall's, or the Estate's documents in his possession. Accordingly,

9

we affirm the trial court's grant of partial summary judgment ordering Mr. Blazier to return the documents of the Firm, Mrs. Marshall, and the Estate and prohibiting him from retaining a copy of any of those documents.

*Contempt*

In his last assignment of error, Mr. Blazier argues the trial court erred in holding him in contempt. On review of the trial court's contempt judgment, this court cannot set aside that court's findings of fact unless the evidence shows those findings are manifestly erroneous or clearly wrong. *David v. David*, 12-1260 (La.App. 3 Cir. 3/13/13), 110 So.3d 713. We must be mindful that trial courts are "vested with great discretion to determine whether a party should be held in contempt for willfully disobeying a trial court judgment." *Barnes v. Barnes*, 07-27, p. 9 (La.App. 3 Cir. 5/2/07), 957 So.2d 251, 257. Accordingly, we only reverse a judgment of contempt if the evidence shows the trial court abused its great discretion when rendering the judgment. *Harley-Davidson Credit Corp. v. Davis*, 13-214 (La.App. 3 Cir. 11/6/13), 127 So.3d 50.

After a hearing held June 15, 2011, the trial court entered judgment granting the Firm's motion to compel against Mr. Blazier. The judgment "ordered [Mr. Blazier] to fully respond to discovery within twenty (20) days" and "to pay to the Plaintiffs [$1,000.00] as attorney's fees pursuant to La.C.C.P. art. 1469(d)."

Mr. Blazier did not comply with the judgment on the motion to compel and the Firm filed a Motion for Sanctions for Failure to Comply with Order Compelling Discovery. The motion asked the trial court to impose a variety of sanctions against Mr. Blazier for not complying with its order. After a hearing, the trial court denied the Firm's request for sanctions but granted its request to order Mr. Blazier to designate documents previously obtained by the Firm when his

10

attorney produced thirteen or fourteen boxes of documents pursuant to the requests for production. The documents Mr. Blazier produced included material that was not responsive to the requests for production, e.g., law school notes, and the documentation produced was not designated to respond to the specific requests for production as required by the requests.

At the conclusion of the arguments on the motion to compel, the trial court ordered Mr. Blazier to designate the documents he produced to comply with the discovery served on him. Counsel for the Firm then noted that potential problems could arise because he and his clients had reviewed and copied some, but not all, of the documents produced by Mr. Blazier because Mr. Blazier had not designated any of the documents. The trial court responded, "let's just see what he does." The trial court then noted another manner in which the issue could possibly be resolved; counsel for the Firm responded that he would "think about it."

Mr. Blazier argues the indecision of the Firm's counsel on a resolution to the problem absolves him from being held in contempt. Mr. Blazier's argument ignores the fact that after submitting a proposed judgment to his counsel for review,[3] the Firm proceeded to have the trial court sign a judgment ordering Mr. Blazier to:

> [D]esignate specifically which of the documents he previously made available to the [Firm] for inspection are responsive to which of the Requests for Production submitted by the [Firm], and that such specification be made within fifteen days of the day of the August 23, 2011 hearing, or by September 7, 2011[.]

---

[3] When counsel for the Firm forwarded the judgment to the trial court for signature, he attached correspondence showing that he had submitted the judgment form to Mr. Blazier's counsel for review and approval but never received a response. Counsel for the Firm also informed the trial court by separate correspondence that he had tried to contact Mr. Blazier's counsel by telephone before submitting the judgment for signature but was unsuccessful.

These facts show the Firm did not find acceptable the resolution mentioned by the trial court. Therefore, Mr. Blazier's attempt to shift responsibility for his failure to respond to the discovery as ordered by the trial court lacks merit.

Mr. Blazier did not comply with the judgment, and on September 4, 2014, the Firm filed a motion to have Mr. Blazier held in contempt and sanctions imposed against him. A hearing on that motion was held September 25, 2015. At the conclusion of the hearing, the trial court issued a Ruling on Motion for Contempt, stating:

> On June 24, 2011, the Court entered a Judgment against Defendant, Thomas G. Blazier, ordering him to respond to discovery and to pay $1,000 as attorneys' [sic] fees pursuant to La. C.C.P. art. 1469. Plaintiffs filed this Motion for Contempt alleging that Blazier has failed to respond to discovery as ordered and has failed to pay the $1,000 Judgment against him. On August 23, 2011, the Court ordered Blazier to specifically designate documents as being responsive to specific requests for production. He was given 15 days to do so, or by September 7, 2011. He failed to do so.

> The Court finds Blazier in contempt for failing to comply with the specific orders of the Court. Blazier is ordered to pay the attorneys' [sic] fees and to make the required designation of discovery responses on or before 5:00 p.m., on October 5, 2015. He is also fined $500 as a contempt sanction for his refusal to obey these orders. The fine must be paid by 5:00 p.m. on October 5, 2015. Should he fail to obey this order, the Court will entertain further contempt options.

The supreme court addressed the issue of a party being held in contempt for failing to obey a court's order in *Watkins v. Lake Charles Memorial Hospital*, 13-1137, pp. 13-14 (La. 3/25/14), 144 So.3d 944, 954-955 (footnote omitted) (alteration in original), where it explained:

> Court orders must be obeyed until set aside. *See Dauphine v. Carencro High School*, 2002-2005 (La.4/21/03), 843 So.2d 1096, 1106-07; *City of Lake Charles v. Bell*, 347 So.2d 494, 496-97 (La.1977). Failure to comply with a court order is a constructive contempt of court. *See* LSA-C.C.P. art. 224. ("Any of the following acts constitutes a constructive contempt of court: . . . [w]ilful

> disobedience of any lawful judgment, order, mandate, writ, or process of the court . . .”).  Further, if a judgment orders a defendant to do or refrain from doing an act and he refuses or neglects to comply with the order, the party entitled to performance may obtain by contradictory motion the following remedies:  (1) A writ to distrain the property of the defendant; (2) An order adjudging the disobedient party in contempt; or (3) A judgment for any damages he may have sustained.  The party entitled to performance may also sue for damages.  *See* LSA-C.C.P. art. 2502.  *See also* LSA-C.C.P. art. 2503 and 2504.

Pursuant to La.Code Civ.P. art. 1471(4), if a party fails to obey an order to provide discovery, the trial court “may make such orders . . . as are just” and can treat the failure to obey as a contempt of court.

The facts of this case substantiate the trial court’s judgment holding Mr. Blazier in contempt.  Mr. Blazier testified that he was capable of designating the documents as stated in the requests for production and that he never reviewed any of the documents he produced in response to the requests for production.  Although counsel for the Firm stated he would think about the possibility of producing the documents the Firm had copied when reviewing the voluminous records Mr. Blazier produced, the Firm properly proceeded to obtain a judgment ordering Mr. Blazier to produce the documents.  Mr. Blazier ignored that order.  The trial court’s judgment holding Mr. Blazier in contempt and ordering him to pay $1,000.00 in attorney fees is affirmed.

## DECREE

The judgments of the trial court are affirmed.  All costs of these appeals are assessed to Thomas Glynn Blazier.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.