NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-1159

ANDREA KILCHRIST

VERSUS

LEROY JOHN KILCHRIST

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 90,831-F
HONORABLE GREGORY P. AUCOIN, DISTRICT JUDGE

**********

**D. KENT SAVOIE**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and
D. Kent Savoie, Judges.

**AFFIRMED.**

**Amanda A. Martin**
**Lucretia Pecante**
**420 S. Iberia Street**
**Post Office Box 9010**
**New Iberia, LA 70562-9010**
**(337) 374-1202**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Leroy J. Kilchrist**

**Andrea Kilchrist**
**In Proper Person**
**4686 SW Comus Place**
**Portland, OR 97219**
**PLAINTIFF/APPELLEE**

**SAVOIE, Judge.**

Mr. Leroy Kilchrist appeals the trial court's denial of his motion seeking to hold Ms. Andrea Kilchrist in contempt of court for alleged violations of the trial court's previous judgments regarding a servitude. For the following reasons, we affirm the trial court's ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

As recognized by a panel of this court in connection with a prior appeal involving these parties:

> The parties are sister and brother. Their mother left them adjoining pieces of property. The property left to Leroy was subject to a servitude in favor of the property left to Andrea, his sister, to give her a way to access her property. The use of the servitude has been a constant source of conflict between the parties since they gained ownership of the property.

*Kilchrist v. Kilchrist,* 12-432 (La.App. 3 Cir. 11/7/12) (unpublished opinion).

Following an October 6, 2009 hearing "on the motion of Kilchrist to terminate or alternatively to limit the use of the servitude which has been the subject of numerous prior court proceedings," the trial court signed a judgment on October 10, 2006, wherein it denied the motion for termination of the servitude but granted a motion for restricting the use of the servitude. The October 10, 2006 judgment ordered as follows:

> Neither party, shall interfere with the use of the servitude by Andrea Kilchrist for the purpose of ingress and egress.

> Andrea Kichrist shall not use the servitude for any purpose other than ingress and egress to her property.

> No recreational use whatever [sic] shall be conducted on the servitude and there shall be no loitering, exercising, or walking on the servitude except for purposes of gaining ingress or egress.

> . . . .

Any person who attempts to interfere or prohibit the right of ingress and egress will be subject to contempt of court, as will any person who attempts to use the servitude other than for right of ingress and egress.

The record contains another judgment signed August 24, 2011, which states that "[t]his matter came before the Court on August 24, 2011, pursuant to a Rule for Contempt and Modification filed by the defendant, Leroy J. Kilchrist, and Rule for Contempt filed by the plaintiff, Andrea Kilchrist." The judgment goes on to deny the cross-motions for contempt, but further states:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that no obstructions shall be placed within the servitude by either party. The placing of garbage cans for collection purposes in such a manner that does not create an obstruction to the use of the servitude shall not constitute a violation of the orders of the Court.
>
> . . . .
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that neither party shall place signs or other objects in the servitude area except garbage cans as needed for garbage pick-up.

Mr. Kilchrist appealed this judgment. This court affirmed, noting that "there was little or no real evidence of willful disobedience of the court's October 2006 order." *Kilchrist v. Kilchrist*, 12-432 (La.App. 3 Cir. 11/7/12) (unpublished opinion).

On June 30, 2015, Mr. Kilchrist filed a Rule for Contempt alleging that on May 5, 2015, Ms. Kilchrist violated the October 10, 2006 order when

> she stopped on the servitude and committed trespass on the mover's property and pulled up the mover's boundary post from his property. In addition, the respondent used the servitude for the purpose other than ingress and egress to wit she allowed the movement of a mobile home on the servitude by Derrick Menard.

2

Mr. Kilchrist further alleged that Ms. Kilchrist violated the August 24, 2011 judgment by "instruct[ing] Derrick Menard to place trash other than garbage cans for the collection of garbage."

A hearing on Mr. Kilchrist's Rule for Contempt was held on May 15, 2017. Ms. Kilchrist did not appear for the hearing. Mr. Kilchrist was called to testify. In connection with questioning by his counsel, he indicated the following: he was aware of the 2006 and 2011 judgments; he thought Ms. Kilchrist had a tenant named Derrick Menard; he took photographs of items that Mr. Menard "placed on the servitude;" Ms. Kilchrist told Mr. Menard to put the items in the photographs on the servitude; and he incurred attorney fees in connection with these proceedings and wanted to the trial court to hold Ms. Kilchrist in contempt.

The trial court then examined Mr. Kilchrist, and in connection therewith, Mr. Kilchrist indicated that the rock in the photograph was where the "roadway is for the servitude" and that the items at issue were old mattresses and scrap wood that were eventually picked up by the Parish. The following colloquy occurred between the trial court and Mr. Kilchrist:

> Q. Well, isn't that a service that the Parish provides that if you have trash that you want - - other that [sic] goes in the cans you put them on the side of the road and they come by with a big truck and they scope [sic] them up?
>
> A. That's not the side of the road. That's on the servitude.
>
> Q. I understand that. I understand that. That's all the questions I have.

The photographs of the mattresses and scrap material at issue, as well as Mr. Menard's deposition were submitted into evidence. Mr. Menard testified in connection with his deposition that he was leasing Ms. Kilchrist's property, he was remodeling his trailer, and Ms. Kilchrist had told him to put the trash and scrap

3

items at the end of the road and to call the Parish for pick up, which he did. The trial court ultimately denied Mr. Kilchrist's motion.

Mr. Kilchrist appeals. In his sole assignment of error, he states "[t]he trial court erred in by [sic] denying the appellant's Rule for Contempt pursuant to Louisiana Code of Civil Procedure Article 224[,]" which states that a constructive contempt of court includes "willful disobedience of any lawful judgment[.]"

## ANALYSIS

As stated in *Harley-Davidson Credit Corp. v. Davis*, 13-214, p. 7 (La.App. 3 Cir. 11/16/13), 127 So.3d 50, 55, "[t]he trial court has vast discretion in determining whether a party should be held in contempt for disobeying a court order, and its decision will be reversed only when the appellate court discerns an abuse of that discretion." "[A] finding that a person willfully disobeyed a court order in violation of La.Code [Civ.P.] art. 224(2) must be based on a finding that the accused violated an order of the court 'intentionally, knowingly, and purposefully, without justifiable excuse.'" *Lang v. Asten, Inc.*, 05-1119, p. 1 (La. 1/13/06), 918 So.2d 453, 454 (internal citations omitted).

After examining the record in this matter, we find no abuse of discretion on the part of the trial court in concluding that Ms. Kilchrist's alleged instruction to Mr. Menard to place the old mattresses and other scrap material at the end of the road for pickup by the Parish trash service was not a willful disobedience of the trial court's 2006 or 2011 judgments.

## DECREE

For the reasons stated above, the ruling of the trial court is affirmed. Costs of this appeal are assessed to Mr. Kilchrist.

**AFFIRMED.**

4

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.