STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1184


PARADISE ROD AND GUN CLUB, INC., ET AL.

VERSUS

ROY O. MARTIN LUMBER COMPANY, INC., ET AL.


**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2010-5291
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

**********

**PHYLLIS M. KEATY**
**JUDGE**

**********

Court composed of John D. Saunders, James T. Genovese, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**John K. Nieset**
**P. Ryan Plummer**
**Christovich & Kearney, LLP**
**601 Poydras Street, Suite 2300**
**New Orleans, Louisiana  70130**
**(504) 561-5700**
**Counsel for Defendants/Appellants:**
  **Louisiana Hardwood Forestlands, LLC**
  **Louisiana Hardwood Products, LLC**

**W. Jay Luneau**
**Attorney at Law**
**1239 Jackson Street**
**Alexandria, Louisiana  71301**
**(318) 767-1161**
**Counsel for Plaintiffs/Appellees:**
  **Paradise Rod and Gun Club, Inc.**
  **Paradise Land and Lake, LLC**

**KEATY, Judge.**

Defendants, Louisiana Hardwood Forestlands, LLC, and Louisiana Hardwood Products, LLC (collectively Louisiana Hardwood), appeal the trial court's judgment holding it in contempt of court. For the following reasons, the trial court's judgment of contempt of court is affirmed.

## FACTS AND PROCEDURAL BACKGROUND

The contempt of court order at issue arises out of a dispute over the right to harvest timber. Plaintiffs, Paradise Rod and Gun Club, Inc., and Paradise Land and Lake, LLC (collectively Paradise), own the land containing the timber. That timber is owned by Louisiana Hardwood. These separate ownership interests arise from an Act of Exchange that was executed in 1998 between Paradise and another Defendant, Roy O. Martin Lumber Company, Inc. (Martin). This Act of Exchange enabled Martin to buy the merchantable timber, limiting it to one harvest during a twenty-five year period. Pursuant to two Timber Rights Agreements executed between Martin and Louisiana Hardwood in 2008, Martin transferred its timber rights to Louisiana Hardwood. These timber rights granted Louisiana Hardwood the right to harvest timber for the remainder of the original twenty-five year term.

Merchantable timber was removed by Martin on two identifiable portions of the property prior to it transferring its rights to Louisiana Hardwood. It is undisputed that Louisiana Hardwood was no longer allowed to harvest timber on these three identifiable areas. Louisiana Hardwood thereafter cut timber on another section of the property. Louisiana Hardwood's and Paradise's disagreement arose regarding whether and where additional areas should be released from the timber reservation.

As a result, Paradise filed a Petition for Injunctive Relief, Damages, and Declaratory Judgment against Martin and Louisiana Hardwood. Paradise then filed a partial motion for summary judgment against Louisiana Hardwood, seeking to have Martin and Louisiana Hardwood execute releases "from the timber reservation, certain portions of the subject property where all reserved timber has been removed." In support, Paradise attached a map of the property containing markings made by Robert Rossi Ziegelasch, on behalf of Louisiana Hardwood, identifying portions of the property subject to release. Ziegelasch marked these areas on the map in his capacity as Louisiana Hardwood's corporate representative during his January 19, 2012 corporate deposition.

At the October 28, 2013 hearing on Paradise's partial motion for summary judgment, the trial court stated that it did not have a problem ordering a release. Since it found Paradise's map "confusing," however, the trial court was unsure as to which areas it should release. The trial court orally ruled that it wanted Ziegelasch's map reproduced wherein he identifies the areas that Louisiana Hardwood "still ha[s] the right to cut." The trial court stated that such reproduction would "be clearer." On November 26, 2013, the trial court issued its written Reasons for Ruling wherein it granted Paradise's partial motion for summary judgment and ordered both parties to submit a judgment consistent with its written Reasons for Ruling.

Thereafter, there was a disagreement between the parties as to which map to use. Louisiana Hardwood wanted to use a map that it alleged accurately showed where merchantable timber was harvested; whereas, Paradise wanted to create a clean map mirroring Ziegelasch's deposition testimony. Louisiana Hardwood argues in its brief that it did not want to use Ziegelasch's map because it was

2

inaccurate. Louisiana Hardwood explains that when Ziegelasch was asked to mark a satellite photograph of the Paradise property wherein he believed that no timber had yet been cut, he overlooked and failed to mark one such tract. Louisiana Hardwood also contends that Ziegelasch partially outlined another tract, failing to outline the entire tract.

Unable to agree on a map, both parties submitted separate proposed judgments, attaching its own proposed maps along with written objections to the adverse party's proposed judgment. The trial court did not sign either judgment. Rather, it issued its own written judgment on May 19, 2014, wherein it granted Paradise's partial motion for summary judgment as to the merchantable timber. It further ordered the following:

> 3) Louisiana Hardwood Forestwoods, LLC and and/or Louisiana Hardwood Products, LLC shall execute a recordable act releasing all areas wherein merchantable timber has been harvested since January 14, 1998. The specific areas to be released are to be identified on an updated map reflecting areas to be released. [sic], said updated map to be submitted by Robert Rossi Ziegelasch within fourteen (14) days.

According to Louisiana Hardwood's brief, Ziegelasch no longer worked for it when this order was signed. Louisiana Hardwood, therefore, sought the services of Norman Davis who was the president of a company that supervises Louisiana Hardwood. Davis also was Ziegelasch's direct supervisor while he was employed by Louisiana Hardwood. Davis prepared a map and an affidavit explaining why Louisiana Hardwood could not submit a map prepared by Ziegelasch. Louisiana Hardwood's counsel timely forwarded Davis's map and affidavit to the trial court and opposing counsel within the fourteen-day deadline.

In response, the trial court issued a Rule to Show Cause Order on its own motion, instructing the parties to show cause why Louisiana Hardwood "should not

be held in Contempt of Court for their failure to comply with the Judgment of the Court signed May 19, 2014." At the June 23, 2014 hearing, the trial court adopted a new map and marked it as Exhibit B. This map was submitted and prepared by Paradise, containing disputed areas, i.e., whether they were subject to release and not shown on Davis's map. The trial court also held Louisiana Hardwood in contempt of court for failing to follow the trial court's judgment by not submitting a clean map prepared by Ziegelasch. The trial court's oral ruling was memorialized in its written judgment dated June 30, 2014.

In response to this contempt of court judgment, Louisiana Hardwood filed an application for a supervisory writ with this court in *Paradise Rod & Gun Club, Inc. v. Roy O. Martin Lumber Co., LLC*, 14-845 (La.App. 3 Cir. 8/28/14) (unpublished opinion), which was denied. In ruling on the writ application, this court stated: "[I]nsofar as the judgment of June 30, 2014, finds relators in contempt of court, we deny the instant writ application finding that this is a final appealable judgment under La.Code Civ.P. art. 1915(A)(6)." We further held that its notice of intent to seek a supervisory writ was considered "a timely filed motion for appeal" and remanded the case back to the trial court, ordering Louisiana Hardwood to comply with the laws governing appeals.

On appeal, Louisiana Hardwood asserts only one assignment of error, alleging that the trial court erred in holding it in contempt of court.

## STANDARD OF REVIEW

In *David v. David*, 12-1260, p. 2 (La.App. 3 Cir. 3/13/13), 110 So.3d 713, 715, this court discussed the following appellate standard of review utilized in contempt cases:

4

An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through Dep't. of Transp. & Dev.*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). "A trial court is vested with great discretion to determine whether a party should be held in contempt for willfully disobeying a trial court judgment." *Barnes v. Barnes*, 07-27, p. 9 (La.App. 3 Cir. 5/2/07), 957 So.2d 251, 257 (citing *Fink v. Bryant*, 01-987 (La.11/28/01), 801 So.2d 346).

A trial court's judgment of contempt is reversed "when the appellate court discerns an abuse of that discretion." *Harley-Davidson Credit Corp. v. Davis*, 13-214, p. 7 (La.App. 3 Cir. 11/6/13), 127 So.3d 50, 55.

## DISCUSSION

In its only assignment of error, Louisiana Hardwood contends that the trial court erred in holding it in contempt of court since its failure to comply with the trial court's order to submit a map prepared by Ziegelasch resulted from the fact that he was no longer an employee at the time that the order was issued. Louisiana Hardwood explains that it lacked any authority to instruct him to submit a map. Louisiana Hardwood contends that it complied with the "spirit" of the trial court's order by timely submitting a map and affidavit prepared by Davis, Ziegelasch's superior. Louisiana Hardwood argues that it did not fail to comply with the trial court's order to appear at court, nor did it interfere with the orderly administration of justice, commit any contemptuous act, or impair the dignity of the trial court.

"A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." La.Code Civ.P. art. 221. There are two kinds of contempt of court: direct and constructive. *Id*. "A constructive contempt of court is any contempt other than a direct one[,]" including the "[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court[.]" La.Code

Civ.P. art. 224(2). Constructive contempt must be based on a finding that the accused violated an order of the court "'intentionally, knowingly, and purposefully, without justifiable excuse.'" *Lang v. Asten, Inc.*, 05-1119, p. 1 (La. 1/13/06), 918 So.2d 453, 454 (quoting *Brunet v. Magnolia Quarterboats, Inc.*, 97-187, p. 10 (La.App. 5 Cir. 3/11/98), 711 So.2d 308, 313, *writ denied*, 98-990 (La. 5/29/98), 720 So.2d 343). "Willful disobedience of a court order requires a consciousness of the duty to obey the order and an intent to disregard that duty." *Billiot v. Billiot*, 01-1298, p. 5 (La. 1/25/02), 805 So.2d 1170, 1174.

A contempt proceeding is civil in nature when its purpose is to force compliance with a court order. *Parish of Jefferson v. Lafreniere Park Found.*, 98-345 (La.App. 5 Cir. 9/15/98), 720 So.2d 359, *writ denied*, 98-2598 (La. 10/28/98), 723 So.2d 965. The burden of proof required for a civil contempt proceeding is by a preponderance of the evidence. *Id*. Contempt proceedings are strictly construed, "'and the law does not favor extending their scope.'" *Ezernack v. Ezernack*, 04-1584, p. 5 (La.App. 3 Cir. 4/6/05), 899 So.2d 198, 201 (quoting *George v. Nero*, 02-1140, p. 4 (La.App. 3 Cir. 3/5/03), 839 So.2d 1085, 1087).

In the instant matter, the trial court issued its written judgment on May 19, 2014, ordering Louisiana Hardwood to submit a map complying with the following: "The specific areas to be released are to be identified on an updated map reflecting areas to be released. [sic], said updated map to be submitted by Robert Rossi Ziegelasch within fourteen (14) days." The trial court's subsequent written judgment on the rule to show cause states:

(1)    IT IS ORDERED that Louisiana Hardwood Forestlands, LLC, and Louisiana Hardwood Products, LLC, are in contempt of this Court for their failure to have Robert Rossi Ziegelasch submit a map in compliance with this Court's Judgment of May

6

19, 2014. The contempt sanction will be referred to the merits of the case.

This matter, therefore, involves a civil contempt. We will look to the record to determine whether the trial court was manifestly erroneous in finding that a preponderance of the evidence shows that Louisiana Hardwood committed contempt by willfully disobeying the May 19, 2014 judgment.

The trial court gave Louisiana Hardwood fourteen days from May 19, 2014, to provide it with Ziegelasch's map. The record contains the May 29, 2014 correspondence from Louisiana Hardwood's counsel to the trial court attaching Davis's map and affidavit. In its correspondence, Louisiana Hardwood's counsel stated the following:

> As explained in the Affidavit attached to the map, Robert Ziegelasch is no longer employed by [Louisiana Hardwood], so this map is submitted by Mr. Ziegelasch's former supervisor, W. Norman Davis. Mr. Davis is the President of the company that acts as forest advisors to [Louisiana Hardwood], and he has personal knowledge of [Louisiana Hardwood's] operations on the property at issue in the captioned lawsuit.

In his affidavit contained in the record, Davis attested to the foregoing.

In questioning Louisiana Hardwood regarding its failure to comply with the trial court's order, the trial court stated the following at the hearing on the rule to show cause:

> The order issued by the Court, the judgment by the Court says, that the map to be identified on an updated map that was identified by Robert Rossie Ziegelasch reflecting areas to be released, the updated map to be submitted by Robert Rossie Ziegelasch, within fourteen days. I don't know how much clearer it can be and then y'all submit a map by somebody that's not Robert Rossie Ziegelasch, tell me why.

In response, Louisiana Hardwood explained its reasoning for substitution as follows:

7

We went to our client immediately when we received your order and we put together the affidavit for Mr. Davis in order to best respond to your order because Mr. Ziegelasch was no longer in contact with the company. We had Mr. Davis who was the supervisor, who as he said in his affidavit was familiar with the facts, had gone through the records, and that's why we had his affidavit submitted with the map[,] Your Honor.

In its brief, Louisiana Hardwood contends that the foregoing constitutes a justifiable excuse for submitting Davis's map in place of Ziegelasch's map. We disagree as there were other procedural avenues Louisiana Hardwood could have taken rather than substituting a map in direct violation of the trial court's order. Specifically, and as correctly stated by the trial court at the hearing on the rule to show cause:

Well why not contact the Court and say, hey Judge you've ordered us to get Mr. Ziegelasch and he's not with us can we substitute, but you . . . which is now kind of the rule around here, people don't really think that when a Judge signs stuff in a lot of cases that it means anything, but just to arbitrarily go ahead and say, we're not going to do what you say we're going to put who we want.

The trial court further stated that it was not sure whether Paradise's counsel had the opportunity to question Davis regarding his map. The trial court said that it would be fine with the substituted map if Paradise agreed to Davis's findings. Paradise's counsel responded that it disagreed with Davis's map, disputing three of the areas that Louisiana Hardwood claimed were not subject to release as shown on Davis's map.

Accordingly, the foregoing evidence shows that Louisiana Hardwood committed contempt of court when it violated the trial court's order by intentionally, knowingly, and purposefully substituting Davis's map for Ziegelasch's map without any justifiable excuse. We find that the trial court was

not manifestly erroneous nor did it abuse its discretion in holding Louisiana Hardwood in contempt of court, and we affirm the trial court's judgment.

## DECREE

The trial court's judgment of contempt of court is affirmed.  All costs of this appeal are assessed to Defendants, Louisiana Hardwood Forestlands, LLC, and Louisiana Hardwood Products, LLC.

**AFFIRMED.**