Judgment rendered May 17, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,955-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LEONARD MILLER, JR.                          Plaintiff-Appellant

versus

MADISON PARISH POLICE                        Defendant-Appellees
JURY AND LUSCO & LUSCO,
LLC

* * * * *

Appealed from the
Sixth Judicial District Court for the
Parish of Madison, Louisiana
Trial Court No. 2013-239

Honorable Michael E. Lancaster, Judge

* * * * *

COOK & ASSOCIATES, LLC                       Counsel for Appellant
By: Gregory Cook

BPCM, APLC                                   Counsel for Appellees
By: Edwin Moberley

* * * * *

Before MOORE, STONE, and STEPHENS, JJ.

**MOORE, C.J.**

Leonard Miller Jr. appeals a judgment that found that the defendant, Lusco & Lusco LLC, complied with an earlier consent judgment, and rejected Miller's rule for contempt. For the reasons expressed, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Miller owns a house and 4.3-acre tract on Gabrielle Road, in Tallulah, Louisiana, close to the Mississippi River. From Levee Road, access to the house is by a gravel road with a turnoff onto a dirt road. According to Miller, the Madison Parish Police Jury previously maintained the dirt road, but, in early 2011, Lusco & Lusco (hereinafter "Lusco"), an LLC in Kenner, Louisiana, bought the property traversed by the dirt road.

Miller filed this suit in November 2013 alleging that the Police Jury intended to relocate or abandon the dirt road so Lusco could "plow it under." Miller sought a declaration that the dirt road was public and could not be abandoned or relocated, and an injunction against doing these actions. By amended petition, he alleged that work had already begun to plow up and remove the dirt road.

After a pretrial conference in April 2014, the parties filed a joint motion to dismiss ("the consent judgment"). Under its terms, Lusco agreed to "construct and maintain an all-weather road from the public road to plaintiff's property," grant a predial servitude of passage in favor of Miller, and abandon all claims of passage on the existing road. In exchange, Miller dismissed all claims against Lusco and dropped the Police Jury from the suit.

In October 2015, Miller filed a rule for contempt for failure to comply with the consent judgment. He cited an exchange of letters from December

2014 in which Lusco's attorney said the new road should be completed within 90 days; Miller's follow-up letter in May 2015 went unanswered.

After two continuances, and a hearing in June 2016, the court found Lusco in contempt for "continuous refusal" to construct and maintain the all-weather road and grant the servitude. It imposed a fine of $500 and an attorney fee of $1,000, but stated the fine would be "relieved" if Lusco could provide proof of a cease-and-desist order from the Army Corps of Engineers within 10 days.

Within three days, Lusco filed a copy of a letter from the Board of Commissioners of the Fifth Louisiana Levee District. This advised Lusco's manager, Charles Lusco ("Mr. Lusco"), that the Levee District does not allow any work within 1,500 feet of the mainline Mississippi River levee without a permit, and it will not issue a permit during high river stages (water must be 35′ and falling). In August, Lusco drafted, and Mr. Lusco signed, a grant of predial servitude of passage to Miller; however, the document does not have Miller's signature.

Miller filed the instant rule for contempt in June 2019. This alleged that Lusco had "grossly disregarded" the consent judgment as it had still never constructed or maintained the all-weather road.

After a continuance, and then the pandemic lockdown, the court scheduled a hearing by Zoom conference in August 2020. Miller testified that Lusco had never put in the all-weather road; the dirt road floods in the rain, and is a "real ordeal," especially for his daughter, who drives a regular car, not a 4WD truck. He admitted, however, that after the contempt order, a contractor came out who spent about a month installing a culvert under, and spreading some rocks on top of, the road. Still, he felt that no "new road"

2

was ever built. He offered four photos showing large puddles and ruts in the dirt road.

Mr. Lusco testified that he did indeed provide an all-weather road, move the old road a few feet over to higher ground, and place a culvert in a low area, at a cost of about $10,000; also, he "motor-grades" it once a year and does other maintenance as needed. He added that he and his hunting-lodge guests had never been unable to use the road. He introduced photos showing a closeup of some gravel poured on the crown of the road, and of a contractor standing next to a grader. He admitted that the road will "puddle up" because of the terrain and the proximity to the levee, but maintained that it was always "passable." He did not recall granting a predial servitude, but counsel faxed this to the court – as noted, bearing Mr. Lusco's signature, but not Miller's.

### ACTION OF THE DISTRICT COURT

The court ruled from the bench that the tender of the predial servitude satisfied the consent judgment. The court also took judicial notice that the property is rural and very close to the levee; during heavy rains and high water, all roads in the area go underwater. Still, the court accepted Mr. Lusco's testimony that *his* family and guests had never been unable to use the road, and found that Lusco had done "really all it can" to satisfy the consent judgment. The court dismissed the rule for contempt.

Miller took this appeal.

### THE PARTIES' POSITIONS

Miller assigned three errors, closely interrelated. First, he urges the court erred when it failed and refused to enforce its own judgment against Lusco, for six years after issuing that judgment. He cites one of the

3

definitions of constructive contempt, "Any other act or omission punishable by law as a contempt of court, or intended to obstruct or interfere with the orderly administration of justice * * * which is not direct contempt[,]" La. C.C.P. art. 224 (10), and the court's inherent authority to punish for contempt, *Rogers v. Dickens*, 2006-0898 (La. App. 1 Cir. 2/9/07), 959 So. 2d 940. He argues that the court's finding that the consent judgment was satisfied is "arbitrary and without factual basis," in that "no evidence was ever produced" showing the construction of the all-weather road, and just because Mr. Lusco had no problem using the dirt road did not prove that Miller and his family fared likewise. He also recounts the "pattern of behavior that amounted to willful misrepresentation and deceit" practiced by Mr. Lusco in 2016, and concludes that refusing to find contempt again is "an unsubstantiated about-face."

Second, he urges the court erred in dismissing his rule for contempt as there was a factual basis to hold Lusco in contempt, as no all-weather road had been constructed, contrary to the court's finding. He shows that the burden of proof is a preponderance of the evidence, *Paradise Rod & Gun Club Inc. v. Roy O. Martin Lumber Co.*, 2014-1184 (La. App. 3 Cir. 4/1/15), 160 So. 3d 626, and contends that he met this burden, in that "objectively, there is no all-weather road constructed to date."

Third, he urges the court erred when it failed and refused to uphold its own judgment after six years and then failed and refused to uphold and enforce its own contempt order by dismissing Miller's rule for contempt without basis or justification. Citing the manifest error standard, *Rosell v. ESCO*, 549 So. 2d 840 (La. 1989), he submits that no rational basis existed for the court not to find contempt.

4

Lusco concedes that the court found him in contempt in June 2016, but argues that the judgment denying another contempt order, in August 2020, was not plainly wrong. Lusco argues that in a contempt matter, the trial court's decision is subject to great discretion, *Schmidt v. Schmidt*, 2018-0202 (La. App. 1 Cir. 1/3/19), 270 So. 3d 804. He also cites the manifest error rule, *Brown v. East Carroll Parish Police Jury*, 45,851 (La. App. 2 Cir. 12/22/10), 56 So. 3d 1052. Lusco concludes that the record supports the trial court's findings.

**DISCUSSION**

Willful disobedience of any lawful judgment, order, mandate, writ, or process of the court is a constructive contempt of court. La. C.C.P. art. 224 (2); *Watkins v. Lake Charles Mem. Hosp.*, 13-1137 (La. 3/25/14), 144 So. 3d 944; *Rockett v. Rockett*, 51,452 (La. App. 2 Cir. 6/21/17), 223 So. 3d 1227. To find a person guilty of constructive contempt, the court must find that he violated the order of court intentionally, knowingly, and purposely, without justifiable excuse. *Lang v. Asten Inc.*, 05-1119 (La. 1/13/06), 918 So. 2d 453; *Rockett v. Rockett*, *supra*, and citations therein. The burden of proof for civil contempt is a preponderance of the evidence. *Davis v. Harmony House Nursing Home*, 35,080 (La. App. 2 Cir. 10/31/01), 800 So. 2d 92, *writ denied*, 01-3162 (La. 2/22/02), 810 So. 2d 1143; *Paradise Rod & Gun Club. v. Roy O. Martin Lumber Co.*, *supra*.

The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying the court's order. *Fink v. Bryant*, 01-0987 (La. 11/28/01), 801 So. 2d 346; *Rockett v. Rockett*, *supra*. Such a determination will be reversed only when the appellate court can discern an abuse of that discretion. *Rockett v. Rockett*, *supra*.

5

Even on cursory review, the record does not support Miller's contention that "no evidence was ever produced" to show the construction of an all-weather road. Mr. Lusco testified that he put $10,000 of gravel on the existing road, graded it, and installed a culvert; the photos he introduced show the gravel, and a workman standing by the grader. Miller himself admitted that Lusco "put rock on the road," "put culverts in," and the result was "just about as good as any other road in this parish." The court stated, as a matter of judicial notice, that this close to the levee, all roads are likely to go underwater after heavy rain. While the photos show some ruts and puddling, they do not refute the court's conclusion that Lusco did everything it could to install an all-purpose road. The evidence is far from showing an intentional, knowing, and purposeful disregard of the consent judgment. Miller's first assignment of error lacks merit.

Miller's second assignment of error reiterates the claim of manifest error, asserting that "objectively" there was no all-purpose road yet constructed, and "general observation or multi-angle photos would have clearly depicted such." The burden of proof was on the mover to establish willful disobedience of the consent judgment. *Davis v. Harmony House Nursing Home*, *supra*. If Miller had such multi-angle photos as would prove his contentions, he did not introduce them in evidence. The district court was not plainly wrong to find no preponderance of the evidence to prove contempt.

Miller's third assignment of error, like his first, catalogs Lusco's conduct prior to the contempt order of June 2016, which found a "continuous refusal" to comply with the consent judgment. The record shows, however, that after that order, Lusco performed the acts described

6

above that complied with the consent judgment. Proceedings for contempt are strictly construed; the law does not favor extending their scope. *In re Merritt*, 391 So. 2d 440 (La. 1980); *Credit Accept. Corp. v. Prevo*, 52,734 (La. App. 2 Cir. 6/26/19), 277 So.3d 847. Considering that Lusco's conduct prior to June 2016 was already punished by the contempt order issued at that time, we find no basis to punish it yet again. This assignment of error lacks merit.

## CONCLUSION

For the reasons expressed, the judgment dismissing the contempt rule is affirmed. All costs are to be paid by the plaintiff, Leonard Miller Jr.

**AFFIRMED**.