STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**21-158**


**DUSTIN CORMIER**

**VERSUS**

**TARA CORMIER**


**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-437-18
HONORABLE DURWOOD W. CONQUE,
DISTRICT JUDGE PRO TEMPORE

**********

**JOHN E. CONERY**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret,
Judges.


                                                          **AFFIRMED.**

**Orelia R. Lawdins**
**Law Offices of Orellia R. Lawdins, LLC**
**221 East Academy Avenue, Suite B**
**Jennings, Louisiana  70546**
**(337) 275-5124**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Dustin Cormier**

**Jonathan L. Johnson**
**The Johnson Firm**
**1400 Ryan Street**
**Lake Charles, Louisiana  70601**
**(337) 433-1414**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Tara Cormier**

**CONERY, Judge.**

Dustin Cormier and his former wife, Tara, have been involved in ongoing divorce, spousal support and child support litigation since July, 2018. In the case before us, Dustin appeals two trial court judgments finding him in contempt for failure to provide discovery on the issue of spousal and child support and dismissal of his reconventional demand for modification filed January 16, 2020. For the following reasons, we affirm.[1]

## ASSIGNMENTS OF ERROR

Dustin assigns six errors on appeal:

I.   The trial court erred in failing to quickly rule on Dustin Cormier's motion for modification of child and spousal support.

II.  The trial court erred in failing to issue Hearing Officer's Recommendations timely and treating them as final judgments of the court.

III. The trial court erroneously calculated Dustin Cormier's child support obligation and arrearages.

IV.  The trial court erred in granting Tara Cormier's second November 25, 2019 Motion for Contempt when there was no showing of willfulness in Dustin Cormier's failure to pay child support and in setting an improper purge amount and condition for his alleged failure to pay child support.

V.   The trial court erred in denying Dustin Cormier's contempt rule against Tara Cormier[] for her failure to pay for vehicle notes.

VI.  The trial court erred in granting Tara Cormier's July 7, 2020 Motion for Contempt and to Exclude which resulted in a dismissal of Dustin Cormier's modification motion.

We will consider all Assignments of Error together.

---

[1] Appellee Tara Cormier's brief was filed on August 5, 2021 in conjunction with an August 9, 2021 Order of this Court allowing the out-of-time filing. The Order also granted Appellant, Dustin Cormier, until August 24, 2021 to file a Reply Brief in this matter.

*Standard of Review*

Review of the trial court's determination as to whether behavior rises to the level of contempt is subject to a manifest error standard of review. *McCorvey v. McCorvey*, 05-1173 (La.App. 3 Cir. 4/5/06), 926 So.2d 114, *writ denied,* 06-959 (La. 6/16/06), 929 So.2d 1290.

## FACTS, PROCEDURAL HISTORY, LAW, AND DISCUSSION

Dustin and Tara Cormier were married on November 29, 1997. Two children were born during the marriage, one on May 16, 2002 and one on September 24, 2003. On July 5, 2018, Dustin filed for divorce, the parties having lived separate and apart without reconciliation since April 24, 2018. Tara had physical care, custody and control of the two children, who, at the time of the filing were approximately sixteen and fifteen years old. The trial court signed a "Hearing Officer Information Order,"[2]

---

[2] Louisiana Revised Statutes 46:236.5 provides, in pertinent part:

[C.] (3) The hearing officer shall act as a finder of fact and shall make written recommendations to the court concerning any domestic and family matters as set forth by local court rule, including but not limited to the following matters:

(a) Hear and make recommendations on establishment and modification of child and spousal support, child custody and visitation.

(b) Hear and make recommendations on the method of collection of child and spousal support.

. . . .

(f) Hear and make recommendations on the punishment by the court for constructive contempt of an order of the court or hearing officer.

. . . .

(i) Hear and make recommendations regarding the resolution of disputes concerning discovery….

(4) In furtherance of and in addition to making written recommendations as set forth in Paragraph (3), the hearing officer may do the following:

. . . .

(g) Contemporaneously fine and punish direct contempt of court.

for Dustin to complete with the necessary information to allow the hearing officer and eventually the trial court to set spousal and child support.

Tara answered the divorce petition and filed a reconventional demand. The trial court signed an additional "Hearing Officer Information Order," for Tara to complete and set a hearing officer conference for August 16, 2018 and for October 11, 2018. During these conferences, the hearing officer recommended that Sarah have sole custody of the children and that Dustin pay both the first and second mortgages on the former marital home as interim periodic spousal support retroactive to August 7, 2018, and child support in the amount of $1,740.00 per month retroactive to July 5, 2018. The October 11, 2018 "recommendations of the Hearing Officer"[3] were adopted, without objection, by the trial court in its October 26, 2018 final judgment.

On November 2, 2018, Tara filed a rule for contempt after receiving a notice of potential foreclosure due to Dustin's failure to pay the court-ordered interim periodic spousal support which required him to pay the first and second mortgages on the former marital home. Tara alleged that Dustin was in arrears some $5,323.76 on interim spousal support/mortgage payments. Tara also alleged that Dustin was in arrears in the amount of $3,235.00 for his failure to pay the monthly $1,740.00

---

. . . .

       (j) Sign and issue all rules nisi, orders to appear and show cause, and other orders necessary to the performance of the duties of the office.

[3] Louisiana Revised Statutes 46:236.5(C)(7) provides:

If no written objection is filed with the clerk of court within the time and manner established, the order shall become a final judgment of the court and shall be signed by a judge and appealable as a final judgment. The judgment after signature by a district judge shall be served upon the parties in accordance with law.

court ordered child support. The trial court set a hearing on the rule for contempt, eventually heard on January 10, 2019. At that hearing, the trial court reviewed the stipulations of the parties and entered a **stipulated judgment** filed on February 26, 2019. That judgment is also final and is not the subject of this appeal.

The stipulated judgment provided that Dustin was found in contempt for failing to abide by the trial court's orders to timely pay child support payments as well as mortgage payments as part of his interim periodic spousal support obligation. The total amount owed by Dustin as of January 10, 2019 was $6,592.75. Tara received $4,239.93, representing one half of the money from the sale of community cattle. Dustin paid $2,352.82 in open court on January 10, 2019. Dustin was also required to pay $750.00 to Tara for attorney fees by February 29, 2019. All costs were assessed to Dustin.

The record reflects that the trial court signed a judgment of final divorce on September 3, 2019, filed in the record on June 3, 2020.

### Judgments At Issue On Appeal

The beginning of the record applicable to Dustin's present appeal of the July 13, 2020, judgment of the trial court and the August 4, 2020 "judgment"[4] of the

---

[4] Hearing officers are to issue findings and recommendations, with the final judgment to be executed by the trial judge. *See* La.R.S. 46:236.5(C)(6) and (7). On lodging of the appeal with this court, however, the panel recognized that the record did not contain a final judgment resulting from the hearing officer's ruling and signed by the trial judge. *See* La.Code Civ.P. art. 1911(A)("Except as otherwise provided by law, every final judgment shall contain the typewritten or printed name of the judge and be signed by the judge."); La.Code Civ.P. art. 1918 ("A final judgment shall be identified as such by appropriate language.")

As the appeal was also lodged with regard to the appeal from the judgment of July 13, 2020, this court did not dismiss the appeal due to the initial absence of judgment signed by the trial court. The panel instead briefly held the appeal in abeyance and remanded the matter to the trial court to allow the trial judge to sign a final judgment. *See Carraway v. Carraway*, 20-1309 (La. 7/29/21) (2021 WL 3205383) (wherein the first circuit maintained an appeal but remanded a judgment to the trial court for reformation of the judgment). The trial judge in this case signed a final judgment on September 2, 2021, and the record has now been supplemented with that judgment.

4

hearing officer, eventually approved by the trial court in its Written Reasons For Ruling on August 11, 2020, and signed as a final judgment on September 2, 2021, began on November 25, 2019. Tara was forced to file yet another rule for contempt against Dustin for non-payment of both the interim periodic spousal support and the child support obligation, which she claimed amounted to a combined total of $8,216.24. Dustin had also been ordered to carry his minor children on his medical insurance and to pay 73% of any medical expenses not covered by insurance. As of July 1, 2019, Tara alleged that Dustin had not placed his minor children on his insurance policy nor paid his proportionate share of the minor children's uncovered medical expenses.

Dustin answered the rule for contempt and filed a reconventional demand on January 16, 2020 (hereinafter referred to as the modification) seeking, *inter alia*, a reduction in child support and interim periodic spousal support, "due to significant decrease in income." Dustin sought modifications of the existing judgment:

1. Re-fixing child support according to his most current financial information;

2. Modifying and /or terminating Interim Spousal Support;

3. Modifying the child custody arrangement to shared 50/50 joint custody with Defendant -in- Reconvention as domiciliary parent;

4. Holding Defendant-in-Reconvention, **TARA CORMIER**, in contempt for failure to follow Court orders;

5. Ordering a Watermeier Hearing of the minor children; [(To allow the minor children "to determine the true nature of the allegations against the Petitioner-in-Reconvention and the reasonable preference of the minor children to help decide the custody arrangement that would be in the best interest of the minor children.")]

6. Casting Defendant-In-Reconvention, **TARA CORMIER**, with all costs.

Dustin's reconventional demand also alleges that Tara had created a "hostile environment" and had kept him from developing a relationship with his children. Dustin further claimed Tara has a substance abuse problem and sought to have the protective order which had been issued against him modified or dismissed.[5]

Louisiana Revised Statutes 46:236.5(C) provides, "An expedited process for the establishment of paternity and the establishment and enforcement of support and other related family and domestic matters in district courts using hearing officers may be implemented as follows: (1) … Domestic and family matters shall include divorce and all issues ancillary to a divorce proceeding . . . ." Louisiana Revised Statutes 46:236.5(C)(3)(a) further provides that a hearing officer may, "Hear and make recommendations on establishment and modification of child and spousal support, child custody and visitation."

In response to the filings by Dustin, Judge Steve Gunnell set a hearing officer conference for February 27, 2020. Responding to Dustin's reconventional demand, counsel for Tara propounded interrogatories, requests for production of documents, and requests for admissions to Dustin in order to prepare for the scheduled hearing officer conference on February 27, 2020.

On January 16, 2020, the hearing officer conducted a hearing on Tara's original rule for contempt filed November 25, 2019. Tara alleged that as of January 16, 2020, Dustin was in arrears on interim spousal support/mortgage payments, and was also in arrears $1,798.52.00 on his court ordered child support payments. The hearing officer explained that the rule for contempt was based on Dustin's failure to

---

[5] An "Order of Protection" against Dustin was issued at the beginning of the divorce proceedings for the benefit of Tara and the minor children. The Order of Protection was referenced by the hearing officer on the record and is filed in the trial court under Docket No. C-251-18.

pay the past due amounts sought by Tara for child support and interim periodic spousal support, as ordered in the trial court's final judgment of **October 26, 2018**.

After hearing the testimony, the hearing officer recommended that Dustin be held in contempt for his failure to pay court-ordered child support and interim periodic spousal support. Based on a total arrearage in excess of $10,000.00, the hearing officer also recommended that Dustin be ordered to pay $2,000.00 by January 17, 2020, or serve ninety days in jail.

The hearing officer recommended denying the motion for contempt filed by Dustin for Tara's failure to pay the car note which resulted in the repossession of the vehicle, finding that Tara's inability to pay the car note payments was due to Dustin's failure to pay his support obligations. The hearing officer further recommended that Dustin be ordered to pay $750.00 in attorney fees to Tara's counsel, and be assessed with all costs of the proceedings.

### Dustin's Supervisory Writ Application of February 18, 2020

On February 18, 2020, prior to scheduling a hearing before the trial court appealing the hearing officer's recommendations of January 16, 2020, Dustin sought supervisory writs from this court based on the hearing officer's recommendations of January 16, 2020 that Dustin be held in contempt and the denial of Dustin's contempt rule against Tara. Dustin sought expedited consideration of the writ and a stay of the proceedings in district court. This court denied the writ, stating: "There has been no hearing before the trial judge shown and no Judgment signed by the trial judge submitted." *See Cormier v. Cormier*, 20-116 (La.App. 3 Cir. 2/26/20) (an unpublished writ ruling).

Dustin did not file an objection to the January 16, 2020 hearing officer's ruling within five days as required by the local court rules, nor within five days of the denial

of the writ filed by this court.[6] Therefore, on March 13, 2020 the trial judge signed a judgment adopting the hearing officer's recommendations of January 16, 2020, which included the finding of contempt against Dustin for arrearages in the amount of $10,123.52 and ordering him to pay $2,000.00 or immediately face ninety days in jail.

The record reflects that on March 18, 2020, Dustin filed an untimely formal objection to the recommendations of the January 16, 2020 hearing officer's findings holding him in contempt, and to the denial and dismissal of Dustin's rule for contempt against Tara.[7]

In the interim, while Dustin's writ had been pending before this court, Tara continued to seek the requested discovery from Dustin in order to prepare for another hearing officer's conference on February 27, 2020, set by the trial judge on the issues of additional arrears and Dustin's proposed modification of the October 26, 2018 final judgment. On March 2, 2020, after exhausting all efforts to obtain discovery, Tara filed a motion to compel seeking appropriate responses to the interrogatories, requests for production of documents, and requests for admissions filed on January 22, 2020, relating to the issues of Dustin's modification of child support, interim periodic spousal support, and custody. The requested discovery pertained directly to Dustin's income, expenses and earning capacity which to date had not been furnished.

---

[6] Form O of the 31st Judicial District Court, Parish Of Jefferson Davis "Objection Of Hearing Officer's Recommendations" states that a party has five (5) days from the "*Hearing Officer Conference Report*," containing the hearing officer's recommendations, to make an objection to the recommendations and request a hearing before the assigned judge.

[7] The trial judge had already issued a final judgment adopting the hearing officer's recommendations.

***June 16, 2020 Hearing Before Judge Durwood Conque, Pro Tempore*[8]**

On June 16, 2020, Dustin filed an appeal to the trial court of the hearing officer's recommendations on the cross-motions for contempt made at the hearing on January 16, 2020, as well as Tara's motion to compel, and the denial of Dustin's dilatory exception of prematurity. However, the "appeal" to the trial judge was untimely as the trial judge had already adopted the hearing officer's recommendations in a formal judgment dated March 13, 2020.

At the June 16, 2020 hearing, Judge Conque denied Dustin's exception of prematurity and granted Tara's motion to compel answers to discovery. Judge Conque then ordered that Dustin "shall furnish all answers to Interrogatories and Requests for Production of Documents within fifteen (15) days of this hearing which falls on July 1, 2020." In dismissing Dustin's objections to the hearing officer's recommendations, wherein Dustin was found in contempt and Tara was not found in contempt, the trial court specifically held:

> DUSTIN was found in arrears by the hearing officer in January of 2020 and was ordered to pay a purge amount of $2,000.00 towards the child support arrears within twenty-four (24) hours or face jail time. TARA did receive the purge amount; however, payment was received ten (10) days after it was ordered. After hearing the arguments of counsel, the Court found that the hearing officer was correct in holding DUSTIN in contempt and that counsel failed to present evidence or make an argument that would justify changing the hearing officer's recommendation.

The court then addressed in its reasons for ruling its basis for finding that Tara should not be held in contempt and stated:

> In addition, DUSTIN argued that TARA should have been found in contempt for failing to pay the car note on several occasions. The Court upheld the hearing officer's recommendations against finding TARA in contempt because her failure to pay the car note was a direct

---

[8] Retired Judge Durwood Conque was sitting ad hoc by appointment of the Louisiana Supreme Court.

9

result of DUSTIN being in arrears over $10,000.00 in child support at that time.

The trial court issued a written judgment on July 13, 2020, which reflected the trial court's ruling on the competing motions for contempt, and the requirement that Dustin submit his answers to the interrogatories and requests for production of documents to Tara's counsel **by July 1, 2020**. The judgment further stated that the judgment executed by the trial court on March 13, 2020 is hereby a final judgment. Thus, all objections to the hearing officer's January 16, 2020 ruling were again denied, and that ruling was affirmed by the trial court not once but twice.[9]

Dustin's motions seeking to modify custody, reduce child support and reduce interim periodic spousal support, Tara's competing rule to extend interim periodic spousal support and determine final spousal support, and Tara's rule for contempt were set by the trial court before the hearing officer on July 7, 2020. The July 7, 2020 date was specifically set in anticipation that Dustin's court ordered responses to discovery would timely be submitted to opposing counsel by July 1, 2020.

### July 7, 2020 Hearing Before Hearing Officer

At the time of the July 7, 2020 hearing before the hearing officer, Tara had two contempt motions pending against Dustin. The first motion was for Dustin's failure to pay some or all of his arrears for child support and interim periodic spousal support. The **second motion for contempt was filed the day before the hearing** and also included a motion to strike Dustin's modification requests pursuant to

---

[9] The hearing officer's recommendations of January 16, 2020 were affirmed by the trial court in its judgment dated March 13, 2020. Despite the March 13, 2020 judgment, the record reflects that on March 18, 2020, Dustin filed an untimely formal objection to the recommendations of the hearing officer issued at the January 16, 2020 hearing, holding him in contempt and denying and dismissing Dustin's rule for contempt against Tara.

La.Code Civ.P. art. 1471(A)(2), (3), and (4).[10] This second motion was based on Dustin's failure to timely respond to the trial court's judgment ordering Dustin to respond to Tara's interrogatories and request for production of documents by July 1, 2020. Dustin's responses were not received until July 3, 2020 at 8:00 P.M., after the close of business and prior to the long July 4th Weekend. The record does not contain a request to the trial court for an extension of the July 1, 2020, deadline.

After a lengthy discussion with counsel, the hearing officer determined that Tara's interrogatories and requests for production of documents still had not been properly answered by Dustin. The hearing officer explained that Dustin's income information must be provided if his modification of spousal and child support issues were to be scheduled for consideration. The case was recessed for thirty minutes in order for the parties to determine if the discovery responses were adequate for a hearing officer conference to be scheduled and for the competing motions to be heard.

Once the case was recalled, Tara's counsel responded to the hearing officer's question of whether "the numbers were provided" on July 1, 2020 or not, stating on the record:

> [Attorney Erin Abrams, Counsel for Tara]: Your honor, to clarify. It's not just the numbers. This was discovery in general that our latest contempt was filed off of and I do have a copy if you need one in front of you.
>
> The contempt we've gone through that was filed … that contempt filed on the sixth we've gone through considerable efforts to get complete answers on discovery including, but not limited to having a motion to compel granted in our favor on June 16th by Judge Conque. That was the last hearing we had.

---

[10] Louisiana Code of Civil Procedure Article 1471 provides, in pertinent part, the sanctions that may be imposed for failure to properly comply with discovery requests of opposing counsel. These include dismissing or striking the claim, a finding of contempt, and an award of attorney fees.

There was a deadline set of 15 days to furnish full answers. There w[ere] no prohibitions, no exceptions to what those answers were to be. We did not receive them until day 17 or 18. The 15th would have been July 1st.[11] We received them at 8 P.M. on July 3rd going into the holiday weekend. Today is the seventh that we're here before Your Honor.

In many of the answers that we did receive as a supplement, we got general objections of prematur[ity] and discovery still ongoing.

Ms. Abrams, counsel for Tara, further argued:

I think we're getting challenge after challenge and obstacle after obstacle to get responses for witness lists, exhibit list[s] that are going to be introduced on a request for modification made by the other party. We're at the point now, Your Honor, we're under [Louisiana Code Civil Procedure Article 1471]. We're asking for dismissal of the modification which is a remedy that can be granted for this kind of contempt, or in the alternative striking the modification from the record. Again, in the alternative requesting that exhibits to be introduced at trial, or hearing officer conference in this matter, or any witness testimony be limited to only what has been furnished through extensive discovery efforts.

Although counsel for Dustin indicated that the trial judge had given her fifteen days to respond, counsel admitted on the record that she did not meet the fifteen-day deadline set by the trial court. The hearing officer found Dustin in contempt for failing to meet the trial court's time sensitive deadline set by Judge Conque on June 16, 2020. The hearing officer again explained that Judge Conque had set the July 1, 2020 date so that the July 7, 2020 hearing could take place on Dustin's modification, stating:

_____

[11] On this point, and as referenced above, Judge Conque, by judgment rendered on July 13, 2020, specifically ordered Dustin to respond to the interrogatories and requests for production by stating that he "shall furnish all answers to Interrogatories and Requests for Production of Documents within fifteen (15) days of this hearing which falls on July 1, 2020." In setting that date, Judge Conque considered the requirement of quarantine applicable to counsel for Dustin, which was required by her exposure to Covid-19.

THE COURT:[12] Whoa, the judge specifically set and told you to have all that information to the attorney so that today's date could be meaningful. So it is ….

. . . .

THE COURT: All right. So I'm ruling on that contempt, all right.

[Attorney Orelia Lawdins, Counsel for Dustin]: On a contempt just filed yesterday?

THE COURT: Correct. I'm ruling on a contempt filed yesterday. Yes. And on the basis of that contempt filed yesterday where the orders were in place to have the numbers in place such that today wouldn't be a total waste. I'm ruling that they weren't timely and so today I'm not [going to] let the total waste be on Ms. Cormier. It's going to be Mister. And I understand you don't like that and I understand you're going to appeal, and I'm fine with that.

Counsel for Dustin continued to argue that the contempt motion ruled on by the hearing officer was only filed the day before the hearing and was therefore not appropriately set for hearing on July 7, 2020. Counsel for Tara asserted that "it had to be addressed prior to any other contempt or modifications." In response, the hearing officer responded, "Exactly. So I set it for today. It was instanter. Let the record reflect it was an instanter fixing. The parties had time to see. It's a question of timeliness."

The hearing officer made an instanter fixing of Tara's motion for contempt against Dustin that was filed the day before the hearing on July 7, 2020. Based on Tara's motion, the hearing officer recommended that Dustin be held in contempt for failing to comply with Judge Conque's Order of June 16, 2020 and dismissed Dustin's January 16, 2020 motion for modification.

---

[12] The hearing officer is referred to as "THE COURT" in the transcript.

***August 4, 2020 Hearing Before Judge Durwood Conque, Pro Tempore***

On August 4, 2020, two issues were fixed for hearing before Judge Conque. The first was a hearing on the appeal by Dustin of the hearing officer's July 7, 2020 recommendation that he be held in contempt, and the hearing officer's recommendation that the modification he filed on January 16, 2020 be dismissed for failure to timely provide time sensitive discovery supporting the modification. The second hearing, set before the hearing officer, was to follow Judge Conque's hearing on the contempt appeals. The hearing officer was to handle any scheduling necessary to move the case going forward.[13]

At the August 4, 2020 appeal/hearing before Judge Conque, counsel for Dustin seemed to again be confused about the reason for the hearing. Judge Conque clarified that his hearing was to rule on Dustin's objection to the hearing officer's recommendations of July 7, 2020 that Dustin be held in contempt and that Dustin's request for modification be dismissed for failing to timely respond to Judge Conque's order that the outstanding discovery responses be provided to Tara's counsel on July 1, 2020.

Counsel for Dustin had objected to the lack of notice of the motion for contempt at the July 7, 2020 hearing before the hearing officer. However, the hearing/appeal before Judge Conque was set solely for purpose of his review of the hearing officer's recommendations and was not held until August 4, 2020, almost a month later. The August 4th setting provided more than ample notice of the reasons forming the basis of the hearing officer's recommendations. Judge Conque was free to accept those recommendations or hear evidence on the merits and issue his own

---

[13] The August 4, 2020 proceeding before the hearing officer is not at issue on this appeal.

14

ruling.  Dustin's counsel had an extensive opportunity to argue and be heard at the August 4, 2020 hearing.

After hearing argument, Judge Conque overruled Dustin's objections and made "the rulings of the hearing officer of July 7th, including the contempt and the dismissals, executory."  For reasons not clear in the record, the hearing officer signed a "judgment"[14] on August 4, 2020, indicating that the matter had come up for hearing on July 7, 2020, that the rule for contempt and motion to exclude was granted at that time and that Dustin's appeal from that ruling and the hearing officer's recommendations was heard and upheld by Judge Conque on August 4, 2020.[15]

Following a request by Dustin, Judge Conque did issue "Written Reasons For Ruling" on August 11, 2020 in which he clearly explained his ruling and specifically ordered:

> On August 4, 2020, a hearing was held before this Court regarding the Objections to Hearing Officer Recommendations filed on behalf of the plaintiff, DUSTIN CORMIER.  DUSTIN objected to the hearing officer's recommendations of July 7, 2020.  In that recommendation, the hearing officer found DUSTIN in contempt for failing to provide TARA the discovery within fifteen (15) days that he was ordered to produce by this Court on June 16, 2020.  As a result, the

---

[14] Louisiana Revised Statutes 46:236.5(C)(5) provides in pertinent part, "The written **recommendation of the hearing officer** shall contain all of the following: … (d) **A proposed judgment.**" (Emphasis added.)

Louisiana Revised Statutes 46:236.5(C)(6) thereafter provides in pertinent part:

> A copy of any written recommendations… rendered by the hearing officer shall be provided to the parties and their counsel at the time of the hearing officer's ruling if present.  Any party who disagrees with a judgment or ruling of a hearing officer …may file a written objection … within the time and manner established by the court rule.  The objection shall be heard by the judge of the district court to whom the case is assigned.  Upon filing of the objection, the court shall schedule a contradictory hearing where the judge shall accept, reject, or modify in whole or in part the findings of the hearing officer….

We find nothing in the statutes enabling a hearing officer to sign a formal judgment.

[15] As indicated by prior footnote, we again note that, because the August 4, 2020 judgment was actually signed by the hearing officer instead of the trial judge, we remanded the case to the trial judge to sign a final judgment, which was done on September 2, 2021.

hearing officer dismissed DUSTIN's motion for modification of child support and other exceptions that he had filed. Thereafter, the plaintiff requested written reasons for ruling.

It is clear from the record that discovery responses that the Court ordered DUSTIN to produce on June 16, 2020, were not delivered to the defendant until after the fifteen (15) day period had passed. Consequently, the Court agrees that the Hearing Officer was correct in finding DUSTIN in contempt for his failure to do so. Furthermore, the Court agrees that the proper remedy in this case was the dismissal of DUSTIN's motion to modify child support. Without the correct income figures of the plaintiff, child support cannot be calculated by either the Hearing Officer or the Court. Therefore, the Court will overrule the objections filed by the plaintiff and order the rulings of the Hearing Officer on July 7, 2020, including the contempt and dismissals, be made executory.

### *Judgments On Appeal*

On August 8, 2020, Dustin filed this appeal of the judgments of July 13, 2020 and the hearing officer's "judgment" of August 4, 2020. In its July 13, 2020 ruling, the trial court upheld the hearing officer's January 16, 2020 finding of contempt against Dustin and the denial of contempt against Tara. In that judgment, the trial court had also ordered Dustin to "furnish all answers to Interrogatories and Requests for Production of Documents" by July 1, 2020.

Dustin also appeals the trial judge's verbal in court ruling of August 4, 2020,[16] which reflects that the trial court upheld the hearing officer's recommendations of July 7, 2020, holding Dustin in contempt for timely failing to comply with the trial court's July 13, 2020 judgment ordering Dustin to answer discovery by July 1, 2020. The formal judgment, eventually signed on September 2, 2021, dismissed Dustin's request for modification filed January 16, 2020 pursuant to La.Code Civ.P. art. 1471.

---

[16] Written Reasons For Ruling were filed by the trial judge on August 11, 2020, but no formal judgment had been signed. We remanded the case on August 31, 2021 so that the trial judge could sign a formal judgment and the record was supplemented on September 2, 2021 with the final judgment on this issue.

*Civil Contempt*

A panel of this court in *6th Ward/Crowley Gravity Drainage District v. Benoit*, 17-82, p. 8 (La.App. 3 Cir. 10/4/17), 229 So.3d 590, 596, clearly provided the applicable law when there is a claim for civil contempt, explaining that:

> As provided by La.Code Civ.P. art. 221, "[a] contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." Louisiana Code of Civil Procedure Article 224 lists various acts that constitute constructive contempt[17] of court. Pertinent to the present matter is La.Code Civ.P. art. 224(2), which describes the "[w]ilful disobedience of any lawful judgment, order, mandate, writ or process of the court" as a constructive contempt of court.

This matter involves a finding of civil contempt, as it is one in which the trial court seeks to compel compliance with the underlying lawful judgment of the trial court determining child and interim periodic spousal support. The burden of proof applicable to a proceeding for civil contempt of court is a preponderance of the evidence standard. *Paradise Rod & Gun Club, Inc. v. Roy O. Martin Lumber Co., Inc.*, 14-1184 (La.App. 3 Cir. 4/1/15), 160 So.3d 626.

An extensive review of the record indicates that the trial court approved and issued a judgment on October 26, 2018 requiring Dustin to pay $1,740.00 in child support and to pay both the first and second mortgage notes on the former family home as interim periodic spousal support. Dustin did not appeal the October 26, 2018

---

[17] By footnote, the panel explained:

> Louisiana Code of Civil Procedure Article 224 defines constructive contempt of court as "any contempt other than a direct one[,]" whereas La.Code Civ.P. art. 222 defines contempt as "one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service which appears of record."

*6th Ward/Crowley Gravity Drainage Dist.*, 229 So.3d at 596 n.5 (alteration in original).

judgment to this court, making the October 26, 2018 judgment final as to the amounts due for child and interim periodic spousal support owed by Dustin to Tara.

As the October 26, 2018 judgment was final, the modification filed by Dustin on January 16, 2020, seeking to refix child support, modify or terminate interim periodic spousal support, modify custody, hold Tara in contempt, and order a *Watermeier* hearing, had no effect on the October 26, 2018 judgment, which controlled Dustin's obligations unless and/or until modified by a subsequent lawful judgment. Therefore, Dustin's continued willful refusal to pay the amounts due pursuant to the October 26, 2018 judgment also continued to subject him to contempt of court for each payment he failed to make.

The record further indicates that on January 22, 2020, counsel for Tara filed interrogatories, requests for production of documents, and requests for admissions, in order to prepare for a conference with the hearing officer to address Dustin's proposed modification. It was Dustin's failure to answer the required discovery so that the matter could be fixed for hearing that delayed the progress of the hearing on his requested modification. His continued failure to pay child and interim periodic spousal support approached the $12,000.00 mark by the time of the hearing held before Judge Conque on August 4, 2020. It was that continued and willful failure by Dustin to pay child support and interim spousal support, as well as his failure to timely answer discovery, which resulted in the findings of contempt against Dustin by Judge Conque at the August 4, 2020 hearing.

The record reflects that Dustin's continued failure to pay was fully explained to counsel for Dustin by both the hearing officer and the trial court. The judgment of October 26, 2018 was a final judgment. Although Dustin's modification had been filed since January 16, 2020, Dustin had a responsibility to promptly answer Tara's

18

discovery requests in order for his claims to be heard by the hearing officer and ultimately, if necessary, by the trial court, who had the authority to render a modified judgment possibly reducing Dustin's financial obligations to Tara.

This issue was clearly explained by Judge Conque at the August 4, 2020, hearing:

THE COURT:

Listen to what I'm saying to you: You can file a modification, but then there are obligations you have to meet, like discovery, which you did not meet, and that's why your modification has not been heard. And I don't want you to keep going back and saying the original amount. It might have not been done right, but if you want to correct it, you got to do it properly. You got to -- you got to file your discovery. You have to give the other side something to look at so that you [sic] could look at your modification. You have to give the Court something to look at. I cannot condone keeping information on income, which is easily obtainable, from the other side and then asking the Court to correct a child support order with no discovery, okay.

Based on a thorough review of the record in this matter, we find that the trial court's rulings were within its vast discretion and are affirmed.

## CONCLUSION

For the foregoing reasons, the judgments dated July 13, 2020 and August 4, 2020, confirmed by the trial court on September 2, 2021, are affirmed in their entirety. All costs on appeal are assessed to Appellant Dustin Cormier.

**AFFIRMED.**

19